## YOUMANS VS. CARNEY.

*March 4 — March 31, 1885.*

*Evidence: Promissory note: Cross-examination: Instructions to jury.*

1. The direct examination of the payee of a note having been confined to the question of the genuineness of the signature, it was not error to exclude cross-examination as to the consideration.
2. It is not error to exclude from the consideration of the jury an issue made by the pleadings, upon which there is no evidence which would warrant a verdict in favor of the party taking exception to such exclusion.

APPEAL from the Circuit Court for *Waukesha* County. The case is thus stated by Mr. Justice CASSODAY:

"This action is upon a promissory note for $1,000, purporting to have been executed by the defendant, October 9, 1880, payable to Martha V. Thomas or bearer three years from that date, and by her sold, transferred, and delivered to the plaintiff before due. The complaint is in the usual form, and verified. The defendant answered, in effect, that he never made, executed, or delivered the note to any one; that he never authorized the making, executing, or delivery of such note to any one, nor consented thereto; that no part of such note or signature thereto was in his handwriting; and, for a further and separate defense, alleged that if any part of such note was in his handwriting, it was falsely and fraudulently made, altered, and forged from a receipt in full of all demands given by the defendant to the payee therein named, and that such making, altering, and forging was done without the knowledge, privity, or consent of the defendant. For a further and separate defense, it was alleged that there never was any consideration for such note from the payee to the defendant, and that the plaintiff was not an innocent and *bona fide* owner and holder of such note for value, but received it with notice of the facts alleged in

the answer. The answer was verified. On the trial the jury found for the plaintiff, and assessed his damages for the amount of the note and accrued interest. From the judgment entered on the verdict the defendant appeals."

*Edward P. Vilas*, of counsel, for the appellant.

For the respondent there was a brief by *T. W. Haight*, attorney, and *Parks & Thompson*, of counsel, and oral argument by *Mr. Parks*.

CASSODAY, J. The payee of the note was examined as a witness in behalf of the plaintiff. After she had testified, in effect, that the defendant had executed the note; that she had written the body of the note at her mother's house, and then dated it in the defendant's office, at the same time he signed it,— she was asked, on cross-examination, this question: "How came you to write up a note for a thousand dollars? *Answer.* It was given by him in settlement of a suit." The plaintiff's counsel objected, in effect, that he had simply proven the signature to the note, but had given no evidence of the consideration therefor except the *prima facie* evidence furnished by the note itself, and that the burden was on the defendant to contradict such evidence, or show the want of. it. The court then stated: "I do not think it is proper now. That is a matter of defense." The defendant's counsel then remarked: "I apprehend we are at liberty to go into the whole *res gestæ*." To this the court responded, in effect, that it was not necessary for the plaintiff's case to prove the consideration of the note, and that it was improper for the defendant then to go into that question. To this the defendant excepted, and this ruling is the principal error assigned.

It will be observed that the proposed line of cross-examination was excluded on the ground that it was not only a matter of defense but also improper cross-examination. On her direct examination the witness had given no testimony

as to the consideration of the note, and had not, therefore, laid the foundation for being cross-examined on that subject. The plaintiff, relying upon his *prima fucie* case made by the introduction of the note and proof of signature, had left the question of consideration, or rather the want of it, as a matter of defense. The defendant could not go into his defense until the plaintiff had rested.

The proposed line of cross-examination did not relate to anything that might have occurred at the time of writing or signing the note, and hence did not pertain to the *res gestœ* as suggested by counsel. The only ground upon which the proposed line of cross-examination could possibly have been permissible was by way of discrediting the testimony which had been given by the witness as to the genuineness of the defendant's signature. But assuming that it was admissible for that purpose, yet as it was not claimed or rejected on that ground it cannot be regarded as error here.

The undisputed evidence shows that the plaintiff purchased the note before maturity, and for a valuable consideration. There was no attempt to defend on the ground that the note was given without consideration. The only defense attempted to be made was that the note was never executed — that it was a forgery. The court charged the jury, in effect, that there was but a single issue for them to consider, and that was whether the defendant signed the note in question. This excluded from the consideration of the jury every other issue. Of course, it excluded from the consideration of the jury the hypothetical issue alleged in the answer, to the effect that if any part of the note was in the handwriting of the defendant then it was falsely and fraudulently made, altered, and forged from a receipt in full of all demands given by the defendant to the payee therein named. This is relied upon as error. If there is any evidence in the record which would warrant a verdict for the defendant on that issue, then it was clearly error to exclude

such evidence from the consideration of the jury, within the rule sanctioned in the recent case of *Bowers v. Thomas*, *ante*, p. 480.

We have all carefully examined the testimony, and are forced to the conclusion that there is no such evidence in the record. The defendant was sworn and examined as a witness in his own behalf, and upon the note in suit being handed to him he was asked this question: "Is that your signature to that note? *Answer*. It looks like my writing sometimes, *but I deny that I wrote that 'P. H. Carney.'*" Then, on being questioned as to admissions claimed to have been made by him to the witness Chafin, he testified in relation to this note: "I never admitted that it was my handwriting,— that the signature was,— but said, just as in the pleading, that if it should turn out to be my own handwriting that it was where the receipt was raised to a note; but I denied its being my handwriting." The witness Chafin had testified that the defendant had admitted to him that "the signature was his, but the balance was not his handwriting; he thought he had signed a receipt and it had been eliminated, and the note written over his own signature. At that time noticed paper had been worn; *did not*, then or now, *notice any indication of its having been altered from* a receipt."

There is nothing that can fairly be regarded as evidence in the record that there was anything about the note in suit indicating that it had been changed or altered from a receipt or anything else. The defendant made no claim that the note had been raised from the receipt mentioned. On the contrary, he, in effect, disclaimed any such change or alteration by absolutely denying the signature to the note. We must therefore hold that there was no error in excluding that issue from the jury.

*By the Court.*— The judgment of the circuit court is affirmed.