FISHER *et al.* v. PORTER *et al.*

1. Under Comp. Laws, § 4384, requiring a chattel mortgage to be witnessed by two persons, and Section 5260, providing that interest shall not affect a witness' competency, the mortgagee may sign as a witness.

2. A witness called to prove execution of a mortgage sued on cannot be cross-examined as to the fact that the person witnessing the mortgagor's signature was not present, or that the mortgagor had other property similar to that mortgaged, such testimony not being brought out in chief.

3. Where one buying chattels knew that they were mortgaged, he is charged with actual notice, although the mortgage is not witnessed by two persons, as required by Comp. Laws, § 4384, which provides that, when so witnessed, no further acknowledgment is required to admit it to be filed, since the mortgage is good between the parties without witnesses.

4. The question whether subsequent purchasers of mortgaged chattels had actual notice of the mortgage was for the jury.

5. On the issue of the identity of mortgaged cattle, questions whether subsequent purchasers knew what cattle were claimed under the mortgage, and whether its recitals would enable third persons to identify them, aided by inquiries suggested in the mortgage, were for the jury.

6. Where the recitals of a mortgage, when considered with the other evidence are insufficient to justify a material and reasonable difference of opinion by impartial jurors, and the entire case is such that a verdict for one party must be set aside, a verdict for the other can properly be directed.

(Opinion filed November 18, 1898.)

Appeal from circuit court, Hughes county, Hon. Loring E. Gaffy, Judge.

Action by Wm. Fisher and John Farnsworth against Walter R. Porter and others in claim and delivery for certain cattle. There was a judgment for defendants and plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Horner & Stewart,* for appellants.

*Albert Gunderson* and *M. G. Sinon,* for respondents.

Fuller, J. That as a matter of law, on account of a defective description, the mortgage is void under which is claimed the right to immediate possession of 25 cattle described therein, and that the evidence fails to show actual notice or to identify the property, was the theory upon which the trial court directed a verdict in favor of the defendants, after admitting said mortgage in evidence; and plaintiffs appeal from a judgment accordingly entered.

This mortgage was executed at Fort Pierre, Stanley county, on the 1st day of November, 1893, by the defendant Walter R. Porter, to appellant's assignor, who signed the same as one of the witnesses, and the property in controversy is therein de-

scribed as folows; "200 head of mixed cattle, males and females, from two to five years old, branded W—P on left side, * * in his possession in the county of Stanley, South Dakota, together with the increase thereof." Although the instrument was duly filed, the court concluded that appellants could assert no rights thereunder, because the foregoing description is insufficient to impart notice to third parties. Some doubt also seemed to exist as to the legal capacity of a mortgagee to become a subscribing witness. Section 4384 of the Compiled Laws provides that "a mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed." Manifestly, the foregoing provision should be construed with reference to the law of the state relating generally to the competency of witnesses, and unless some limitation can be found as to the character of the persons in the presence of whom the mortgagor must sign his name, and by whom a chattel mortgage must be witnessed, we would not be justified in holding that a mortgagee, on account of his interest, is not a person, in contemplation of the statute, authorized to become a subscribing witness. Under a statute like ours, requiring, without any restriction, that a chattel mortgage, in order to be filed, must be witnessed by two persons, and providing that no person offered as a witness can be excluded or excused from testifying on account of his interest in the event of the action or proceeding, we perceive no valid reason for holding a mortgagee disqualified as an attesting or subscribing witness. Comp. Laws, §5260. It seems entirely consistent with the legislative aim to hold that a person who would be a competent witness in an action involving the sub-

ject-matter of a deed or mortgage has the legal capacity to become a subscribing witness thereto; and under statutes measurably less compatible with the doctrine than our own, it has been so held. Doe v. Turner, 7 Ohio, 504; Welsh v. Lewis, 71 Ga. 387; 2 Jones, Real Prop. 1099; Webb, Record Titles, 127.

After the defendant Porter had, without objection, testified, in appellant's behalf, merely that he was the mortgagor, and in that capacity signed the instrument, counsel for respondents asked and obtained leave of court to cross-examine the witness at that time with reference to its execution thuswise, and over the following objections: "Counsel for plaintiffs object to any cross-examination of the witness upon questions they have not asked him. The Court: The objection is overruled. (Exception taken.)" Cross-examination of the witness Porter by counsel for defendants: "Q. Mr. Porter, look at the name, 'Glenn Steere,' attached to that instrument, and I will ask you if Glenn Steere was present when you executed that instrument, or at any time when you executed and delivered that instrument. Counsel for Plaintiffs: Object as incompetent, irrelevant and immaterial, and not proper cross-examination. The Court: Objection is overruled, (Exception taken.) A. He was not. Q. I will ask you whether or not it is not a fact that the instrument was simply executed by you in blank. Counsel for Plaintiffs: Objected to as incompetent, irregular, and immaterial, and leading, and not proper cross-examination. The Court: The objection is overruled. (Exception taken.) A. It is as it is now, with the exception that it was not signed by the witnesses. Q. You may state who, if any one, was present when you signed that instrument. Counsel for Plaintiffs: To that we object as incompetent, improper, not proper cross-ex-

amination. The Court: The objection is overruled. (Exception taken.) A. Mr. Eugene Steere. Mr. Steere was the only person present besides myself. Q. Was Glenn Steere's name ever attached to that instrument by your knowledge or consent in your presence? Counsel for Plaintiffs: This is objected to as incompetent and irrelevant, and improper examination of this witness. The Court: Objection overruled. (Exception taken.) A. He said Glenn would be in, in a little while, and sign it, or something like that. Glenn was not there. Q. You may state whether or not, at the time that was executed by you, you had more than 200 head of cattle of that description. Counsel for Plaihtiffs: I object to the introduction as incompetent and irrelevant, not proper cross-examination. The Court: The objection is overruled. (Exception taken.) A. I did."

Consistent with the fundamental conception of the purposes of cross-examination, this court has held that "a defendant cannot, on the cross-examination of a witness called and examined by the plaintiff, introduce his own affirmative defense against the proper objection of plaintiff's counsel, unless the witness has, in his examination in chief, testified to to the matters concerning which the defendant seeks to cross-examine him." Bank v. Smith, 8 S. D. 101, 65 N. W. 439; Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226. It is well settled in this country that a witness called by the plaintiff for the purpose of proving the execution of a contract made the basis of an action cannot be cross-examined as to its consideration, subject-matter, identity of property described therein, or anything else relating thereto not touched upon in the examination in chief, but the defendant, in order to get his testimony on such points, must make him his own witness. Bell v. Prewitt, 62 Ill.

361; Youman's v. Carney, 62 Wis. 580; 23 N. W. 20; McFadden v. Mitchell, 61 Cal, 148; 1 Thomp. Trials, 389.

As the questions propounded relating to new matter were leading, and therefore objectionable, under the rules by which the direct examination of witnesses is conducted, we would be reluctant to go to the extent of holding in the absence of any request to make him such, by a ruling of the trial court, that the witness became respondents' because his cross-examination was improper, and tended to introduce a new and affirmative defense.

Accepting, under protest, the theory that, as a matter of law, the mortgage was without subscribing witnesses, and that the description of property was insufficient to impart notice constructively, counsel for appellants introduced testimony sufficient to justify a finding by the jury that respondent Douglass actually knew of the existence of the mortgage upon the identical cattle in controversy, and it is now contended that the court erred in striking out such evidence. In the case of Machine Co. v. Lee, 4 S. D. 495, 57 N. W. 238, it was decided that "a mortgage of personal property is valid, as between the parties thereto, and as to subsequent purchasers and incumbrancers having actual notice of such mortgage, though it may not be attested by any subscribing witness." By parity of reasoning, it would seem that one who has by such inquiry as the mortgage suggests, actually identified the property, and personally knows just what was intended by the parties, is in no position to take advantage of a defective description, and, if the rejected evidence be true, respondent Douglass was fully aware that appellants held a mortgage covering the property in controversy.

A minute description of mortgaged animals, though equally applicable to others of the same class or brand owned by the mortgagor, is doubtless sufficient, if, as a matter of fact, it includes all of such animals located in a specified county; and there is no presumption or competent testimony to support an inference that the mortgagor, at the time he executed the mortgage before us, owned another animal of any description in the county of Stanley, where the parties resided and the mortgage was filed. In the first volume of Cobbey on Chattel Mortgages, at page 156, the author, citing numerous supporting authorities, states the prevailing rule as follows: "The descriptive words in a mortgage should be so construed as to sustain the instrument when it can be done without violence to the language employed. The presumption, if any arises, is always in favor of the validity of the instrument." Whether respondents had actual notice of the mortgage, and knew what cattle were claimed thereunder, and whether its recitals are such as to enable third persons to identify the property, aided by inquiries suggested by that instrument, are questions of fact, and the evidence relating thereto should have been received and submitted to the jury under proper instructions, together with the ultimate question, namely, is the property in dispute the property mortgaged? Ranney v. Meisenheimer, 61 Mo. App. 434; Peterson v. Foli, 67 Iowa, 402, 25 N. W. 677; Farkas v. Duncan, 94 Ga. 27 20 S. E. 267; Kenyon v. Framel (Iowa) 28 N. W. 37; Manufacturing Co. v. Griffith, 75 Iowa, 102, 39 N. W. 214; Jones, Chat. Mortg. 78; 1 Cobbey Mortg. par. 160. However, should the recitals of the mortgage be insufficient, when considered with all other competent evidence, to justify a material and reasonable difference of opinion on the part of impartial

jurors, and the entire case be such that a verdict, if returned in favor of plaintiff, must be set aside, a verdict for defendant might properly be directed. McKeever v. Mining Co., 10 S. D. 599, 74 N. W. 1053; Peet v. Insurance Co., 1 S. D. 462, 47 N. W. 532; Haugen v. Railway Co., 3 S. D. 394, 53 N. W. 769.

Under the view we take of the case, other points urged by counsel for appellants require no special attention. The judgment appealed from is reversed, and a new trial ordered.