GEORGE KIRK. vs. FENNER BALL et al.

MARCH 16, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

(1) *Bills and Notes. Proof. Trial.*

In an action on a promissory note, the plaintiff makes out a *prima facie* case by producing the note.

(2) *Bills and Notes. Trial. Proof.*

Under the negotiable instruments act, a holder of a note is deemed *prima facie* to be a holder in due course; a valuable consideration is presumed and absence or failure of consideration is a matter of defence as against any person not a holder in due course.

(3) *Bills and Notes. Evidence. Demand. Cross Examination.*

Where plaintiff the holder and indorsee of a promissory note had testified that he was the holder and as to the time he acquired the note, it was not error to exclude question as to whether at the time he received the note he knew that maker had refused to pay it, as not in cross-examination; especially where later in the trial, defendant maker testified that he told the payee he would not pay it and payee denied this and was cross-examined by maker.

(4) *Evidence. Self-Serving Testimony.*

Where plaintiff's attorney testified that he wrote defendant a letter demanding payment of a note, copy of letter was admissible to fix time when demand was made, the letter containing no statements prejudicial to defendant which were not testified to by the witness was not within the rule as to self-serving evidence, and although no notice was given defendant to produce the original, it was not error to admit the copy where it had been introduced at a previous trial and defendant did not claim surprise and later in the trial admitted receiving the original letter.

(5) *Evidence. Offer of Proof on Excluded Question.*

Although an excluded question was proper as a preliminary one, its exclusion does not constitute reversible error where the party made no offer of what he expected to prove by the witness.

(6) *Demand Note. Maturity.*

A demand note is overdue for the purpose of negotiation within a reasonable time and what constitutes a reasonable time depends upon the circumstances of each case. This is a mixed question of law and fact and except where the facts are few, simple and undisputed it should be left to the jury.

(7) *Bills and Notes.*

In an action on a demand note by indorsee, it was not error to refuse request to charge that maker might defend against the note that it was secured by misrepresentation, as such request assumed the note was overdue at time of negotiation.

*(8) Bills and Notes. Interest.*

On note payable on demand with interest at 5%, the jury were properly instructed to compute interest at 5% up to time of demand and thereafter at the rate of 6%.

*(9) Bills and Notes. General and Special Verdicts. New Trial.*

Where the issues in an action on a demand note involved the questions of whether plaintiff was a holder in due course and also whether the note was procured by misrepresentation, and defendant did not request a special verdict upon any issue, and did not take exceptions to the submission to the jury of the two issues raised by his defence or to the instructions of the court relative thereto, he cannot claim that the general verdict was not decisive of all of the issues.

ASSUMPSIT. Heard on exceptions of defendant and over-ruled.

SWEENEY, J. This is an action of assumpsit brought by the holder of a negotiable promissory note against the makers.

The declaration contains a count alleging that March 15, 1913, the defendants made a promissory note payable on demand to the order of Wm. H. Kendall for two thousand dollars with interest at five per cent. It alleges that said Kendall thereafterwards transferred and delivered the note to the plaintiff and that the defendants are liable to him for the balance due on said note. The defendants filed a plea of the general issue and a special plea alleging that said note was given to said Kendall by them in part payment for his good will and interest in the Hotel Allen; that he procured the note from them by false representations; that the plaintiff took the note after it was overdue and with notice that payment of it had been demanded and refused; and they claim that they are not liable to pay the note or any part thereof. The plaintiff filed a replication averring that the note was obtained fairly and honestly by him, and that he had had no notice that its payment had been demanded and refused nor that it was overdue.

The case was tried by a jury in January, 1922, and a verdict was returned for the plaintiff in the sum of $2,562.58. The defendants duly filed a motion for a new trial alleging the usual grounds. After a hearing, the motion was denied

by the trial justice and the defendants have duly brought the case to this court upon their bill of exceptions.

(1) Under the pleadings the plaintiff made out a *prima facie* case by producing the note. The order of proof is thus stated in the case of *Millard v. Barton*, 13 R. I. 601, 610: "In the order of trial the plaintiff first produces his note, and, the signature not being denied, may rest his case. If the signature is his (defendants), it is *prima facie* evidence that the whole instrument is genuine. Then the defendant may put in evidence to prove fraud, &c., in the inception of the note. The plaintiff, in all those cases where the note would be valid in the hands of a holder for value, must then show that he is such and that he took it in good faith. And he may be required to show the circumstances under which he took the note, as bearing upon this point." This rule is followed in the cases of *Mumford v. Weaver*, 18 R. I. 801; *Third National Bank v. Angell*, 18 R. I. 1; *Hazard v. Spencer*, 17 R. I. 561; see also *Bank of America v. Senior*, 11 R. I. 376, and *Atlas Bank v. Doyle*, 9 R. I. 76. It is (2) provided in Section 65, Chapter 200, Gen. Laws, 1909, that every holder is deemed *prima facie* to be a holder in due course; section 30 states that a valuable consideration is presumed; and section 34 provides that absence or failure of consideration is a matter of defense as against any person not a holder in due course.

Complying with these rules, the plaintiff testified on direct examination that he was the holder of the note; that he acquired ownership of it about February 25, 1914; and that he turned it over to his attorney, Mr. Bolan, for collection a day or two afterwards. On cross-examination he testified that he never saw Mr. Ball nor Mr. Miller about the (3) note, and then he was asked, "At the time you received this note you knew that Ball and Miller refused to make payment on it, did you not?" Plaintiff's objection to this question was sustained and its exclusion is the reason for the defendant's first exception.

The trial justice sustained the objection because the question was not in cross-examination of any matters testified to by the witness on direct examination. The general rule is that the cross-examination is confined to such matters as have been gone into on the examination in chief. McKelvey on Ev., Sec. 258; 40 Cyc. 2500. This rule was followed in the case of *Mohr v. The Prudential Ins. Co.*, 32 R. I. 177, 182, wherein the court sustained the ruling of the trial justice excluding questions which were not properly in cross-examination of matters as to which the witness had testified on direct examination.

In the case of *Guckian v. Newbold*, 23 R. I. 553, the court held that it was irregular to permit the defendant to cross-examine the plaintiff's witness upon the consideration of the note when he had been offered simply to prove the signature and endorsement of the note in suit.

In *Youmans v. Carney*, 62 Wis. 580, it was held that as the direct examination of the payee of the note was confined to the genuineness of the note it was not error to exclude cross-examination as to the consideration.

The scope and extent of the cross-examination is, to some extent, in the discretion of the trial justice, and in this case we cannot say that he was in error in excluding the question because later in the trial both defendants testified that they told Mr. Kendall, the payee of the note, that they would not pay it; and Mr. Kendall, called as a witness for the plaintiff in rebuttal, testified that the defendants never refused to make payment of the note and he was cross-examined at length by the defendant's attorney. The exception is overruled.

The second exception is to the admission in evidence of a copy of a letter written by the plaintiff's attorney, Mr. Bolan, to the defendant Ball. The defendants claim that this letter is self-serving evidence and that the copy of the letter was not admissible as notice had not been given them to produce the original letter. Mr. Bolan had testified that he had called at the place of residence of the

(4) defendant Ball twice without being able to see him and that he then wrote a letter to him stating this fact and demanding payment of the note. The witness testified that he could not remember when he called at Mr. Ball's residence and the letter was admissible for the purpose of fixing the time when the demand was made. The letter contains no statements prejudicial to the defendants which were not testified to by the witness Bolan and, therefore, it is not within the rule excluding self-serving evidence. It appears from the record that, at a previous trial of the case, the same copy of the letter was introduced in evidence. The defendants do not claim that they were surprised by its production and later in the trial the defendant Ball admitted that he had received the original letter. The exception is overruled.

The defendants testified that they purchased the good will of the Hotel Allen and leasehold interest of Mr. Kendall therein for $4,500.00, and paid him $2,000.00 cash and gave him the note in suit for the balance. They testified that they were induced to purchase the hotel by his statements to them of the profits he made while running it; and that they relied upon these statements and afterwards discovered that they were false. There is no substantial difference between the testimony of the defendants and that of Mr. Kendall as to the statements made by him to them at the time he sold them the hotel. They testified that he told them that he had made a profit of $4,500.00 the previous year, and he testified that he told them that, when the hotel was full he made a profit of $70.00 to $90.00 a week, and that when twenty or more rooms were empty he was running at a loss. They also testified that he said that if $5,000.00 to $7,000.00 was put into the hotel in improvements the profits would be doubled. Mr. Kendall testified that at the time he sold the hotel to the defendants it was full of guests and he told the jury that when the hotel was full he made a profit of $70.00 to $90.00 a week, and that when twenty rooms were empty he lost money.

The' defendants took possession of the hotel soon after they purchased it in March, 1913, and within two weeks thereafter they commenced extensive repairs to the hotel which were completed by the following October, at a cost of about $25,000.00. There is testimony in the case tending to show that nearly all of the rooms in the hotel were occupied at the time of the sale but that when the improvements were started the guests commenced to leave the hotel. Dr. Miller left the active management of the hotel to Mr. Ball and in June, 1913, defendants discovered that they were running the hotel at a loss.

Defendants called as a witness a Mr. Gray and their seventh exception is to the exclusion of a question asking him if he had a conversation with Mr. Kendall in which he said that he had made a profit or was a loser of money on the Hotel Allen. The witness had testified that he had talked with Mr. Kendall in December, 1913, eight or nine months after Mr. Ball bought the hotel, and the question related to this time. The trial justice excluded the question on the mistaken assumption that Mr. Kendall had parted with the note at the time mentioned, when the plaintiff's testimony proves that he acquired the note in February, 1914. The witness should have been permitted to answer the question, as it was a preliminary one, but, as the defendants made no offer of what they expected to prove by the witness, the court cannot say that the exclusion of the question was reversible error. The exception is overruled. *Callan v. Peck*, 37 R. I. 227; 1st and 2nd Dec. Ed. Am. Digest, Appeal & Error, Sec. 205 d.

The thirteenth exception is to the refusal of the court to charge the jury as follows: "It appearing from undisputed evidence that the note in suit is a demand note and that it was not negotiated to Kirk, the present holder, for upwards of a year after its date, this note is as a matter of law overdue and subject to the equities, and the defendants may set up any defence against its payment in this suit that

they could set up against Kendall, the payee, if he were prosecuting the suit."

The note offered in evidence is dated March 15, 1913, and is payable on demand to the order of Wm. H. Kendall, for two thousand dollars, with interest at 5%. Payments are endorsed thereon, "1913, Nov. 29, Paid $100.00; 1913, Oct. 18, paid $225.28," and it is endorsed in blank, "Wm. H. Kendall."

The court left it for the jury to say when the demand note matured, saying, "In some instances a very few days might be sufficient time for you to say that if a note had not been demanded within that time, it would be overdue and in other cases, dependent upon circumstances, a very much longer time would be required before you could say that the note was overdue from mere lapse of time."

(6) The question whether a demand note is overdue and is to be decided as a matter of law by the court or submitted to the jury has been decided in the case of *Bacon v. Harris*, 15 R. I. 599, and approved in the case of *Guckian v. Newbold*, 23 R. I. 553, as follows: "The rule in this country is that a note payable on demand is overdue for the purposes of negotiation within a reasonable time; and what constitutes such reasonableness of time cannot be determined by any fixed and exact rule, but must depend upon the circumstances of each case. Whether what is a reasonable time is a question of law for the court, or a question of fact for the jury, is a matter which has been a good deal controverted, but undoubtedly the better view is that it is a mixed question of law and fact, and that, except where the facts are few, simple and undisputed, in which case the court shall decide, it should be left to be decided by the jury, under the direction of the court, upon the particular circumstances of the case." In the case of *McLean v. Bryer*, 24 R. I. 599, the court decided that the case was properly submitted to the jury on the question of whether or not the demand note was overdue when it had been transferred to the plaintiff by payee eighteen months after

its issue and upon which continuous payments of monthly interest had been made to payee. In the present case the facts are not "few, simple and undisputed" because it appears in the evidence that, while the note is dated March 15, 1913, and was negotiated to the plaintiff February 25, 1914, Mr. Ball testified that he paid Mr. Kendall $200.00 on the note September 6, 1913, which is not endorsed on the note; Mr. Kendall testified that he received $200.00 on the note October 18, 1913; and Dr. Miller testified that he paid $100.00 on the note November 29, 1913. It also appears in the testimony of Mr. Kendall that Dr. Miller helped him secure $300.00 on the note by depositing it as collateral with a loan company. The makers of the note testified that they repudiated the note in December, 1913, but Mr. Kendall testified that they never repudiated it. Mr. Kendall testified that originally the makers wanted the note to run for one year and that he told them that he would not take a time note and said that he wanted it payable on demand but that he might let it run for a long time, and so the note was drawn to carry interest at 5%.

In these circumstances it would have been error for the court to have charged the jury that the note was overdue from mere lapse of time when it was negotiated to the plaintiff, and the court properly left it for the jury to determine whether the note was overdue from lapse of time, or by reason of demand, at the time it was negotiated.

The fourteenth exception is to the refusal of the court to grant the defendant's second request, as follows: "The defendants may defend against this note that it was secured by misrepresentation."

(7) There was no error in refusing this request as it assumes that the note was overdue at the time it was negotiated to the plaintiff. The trial justice correctly charged the jury that, to enable the defendants to make defense on the ground that the note was secured by fraud or misrepresentation, it was first necessary for them to find that the plaintiff took the note after it was overdue.

The fifteenth and sixteenth exceptions are to the refusal of the court to grant the third and fifth requests to charge but as these requests are substantially the same as the fourth one, which was granted, the exceptions are without merit and overruled.

The seventeenth exception is to the refusal of the seventh request to charge, and the twentieth exception is to that portion of the charge given in lieu of said request. The note was payable on demand and contained the words, "value received with interest at 5%." The request to charge was that interest was to be computed at the rate of 5% per annum, whether before or after demand. The court (8) properly denied this request and correctly charged the jury to compute interest at the rate of 5% up to the time they found that the note became due by reason of demand, and that after the note became due they were to compute interest at the rate of 6%. Both exceptions are overruled. *Pearce v. Hennessy*, 10 R. I. 223; *Pettis v. Ray*, 12 R. I. 344; *Draper v. Horton*, 22 R. I. 592.

The twenty-first exception is to the denial of the motion for a new trial upon the grounds that the verdict is against the law and the evidence and the weight thereof. Under this exception, the defendants claim that inasmuch as verdict is general it may be founded solely upon the issue that the plaintiff was a holder in due course, that there is absolutely no evidence to support such a finding, and that it is not clear from the verdict that the issue as to whether the note was procured by misrepresentation was considered by the jury. As the defendants claim that there was absolutely no evidence to support a finding that the plaintiff was a holder of the note in due course and without notice of any equities between the original parties thereto, it is reasonable to presume that the jury so found, and that they considered the evidence bearing upon the issue of misrepresentation. The defendants could have requested a special verdict upon any issue submitted to the jury under the provisions of Section 6, Chapter 291, General Laws,

(9) 1909, but they did not avail themselves of this privilege. Having neglected to take any exceptions to the submission to the jury of the two issues raised by their defense or to the instructions of the trial justice relative thereto, and not having asked for a special verdict upon either of said issues, it is now too late to claim that the general verdict for the plaintiff is not decisive of all of the issues raised by their defense.

The defendants claim that the verdict is against the preponderance of the evidence on the issue that Mr. Kendall procured the note from them by misrepresenting the profits he made while running the hotel. It would serve no useful purpose to summarize the testimony bearing upon this issue. The trial of the case occupied three days and all of the issues raised by the pleadings and testimony were submitted to the jury with instructions relating thereto, including an explanation of the difference between "dealer's talk" and fraudulent representations of fact, to which no exception was taken by the defendants. The verdict for the plaintiff has been approved by the trial justice. This court has carefully considered the evidence relating to the issue of misrepresentation as well as to the other issues and, as it cannot say that the decision of the trial justice in approving the verdict is clearly wrong, the exception is not sustained.

The remaining exceptions have been duly considered and found to be without merit, and are overruled.

The defendants' exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Flynn & Mahoney*, for plaintiff.

*Knauer, Hurley & Fowler*, for defendant.