NEWARK LIVE POULTRY COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. NATHAN FAUER, DE-FENDANT-APPELLANT.

Submitted May 4, 1937—Decided September 27, 1937.

Before Brogan, Chief Justice, and Justices Trenchard and Parker.

For the plaintiff-respondent, *Schotland & Schotland*.

For the defendant-appellant, *George H. Rosenstein*.

Brogan, Chief Justice. The plaintiff corporation, a wholesale dealer in live poultry, recovered a judgment against the defendant in the Essex County Circuit Court in an action for damages based on deceit.

The defendant appeals and contends that the court erred in rejecting his motion for nonsuit and for a direction of verdict; that error was committed by the court in ruling on evidence; that the charge to the jury was erroneous, and that the refusal of a request to charge was error. The complaint alleges and the plaintiff's witnesses gave testimony tending to prove that defendant obtained credit from the plaintiff corporation for the firm in which defendant was a partner on the strength of a representation of financial worth made by the defendant. The representation was that the said partnership owned the land and premises in which their retail poultry business was conducted, free and clear of encumbrances and that he, the defendant, owned the premises in which he lived, subject to a small mortgage. The testimony supported a finding that this representation was made when the plaintiff had discontinued its practice of extending credit to the defendant's firm; that the representation was false, and that the defendant knew that it was false when he made it, and that the plaintiff, believing it, acted upon it to its detriment.

At the trial the defendant was called as plaintiff's witness and from him the plaintiff obtained proof that the business property of the partnership was encumbered by liens that totaled $45,000 and that the defendant personally never owned the premises in which he lived.

The argument in support of the appellant's first point that his motion for nonsuit should have been granted and that a verdict should have been directed for him is that the plaintiff

failed to show a causal connection between the representation and the damage that ensued. The damage claim was for unpaid bills for goods sold and delivered in June, 1934. The proofs show that the representation was made on January 16th, 1934; that the credit formerly extended to the defendant's firm had been discontinued a week previously and that beginning on January 23d, the plaintiff each week sold to the defendant's firm, on credit, on the strength of the oral financial statement, live poultry, &c., up to June 26th, 1934. The weekly deliveries of merchandise from January 23d, up to the first week in June, apparently were paid for and the money damage claimed is for merchandise delivered and not paid for on the 12th, 19th and 26th of June. The amount involved is not questioned.

The appellant says that this delinquent account is too remote from the date of the representation to be in any way related to it. In other words, that the damage suffered by the defendant, through not being able to collect these bills, was not caused by the statement made on January 16th.

The argument is that since the plaintiff's suit was brought for the unpaid purchases of June, the defendant cannot be held liable for representations made in January, and, inferentially, the appellant argues that even though the representations were made as claimed they cannot be relied upon for an indefinite or unreasonable period. We cannot agree that the period of time in question is either indefinite or unreasonable. After all, a period from January 23d, when the deliveries on credit were resumed, until June 26th, when they were discontinued because of failure to pay, is not an unreasonable time. The defendant offered no proof of custom in the trade to support this argument. The court, however, in his charge to the jury, was careful to submit this question as a fact issue to the jury, *i. e.,* whether the plaintiff's loss resulted as a direct consequence of the defendant's fraud. We find no error in this point.

It is next argued that the court erred in its ruling on evidence. The first ruling thus complained of concerned a question asked of plaintiff's witness on cross-examination. It was

directed to his recollection of testimony given in a previous trial of this case in one of the District Courts. The question which the court disallowed called for an answer in a single word, either "yes" or "no." The court might have allowed the question since the witness was on cross-examination. We perceive no error, however, in having excluded it since it appears to have been neither relevant nor material to the issue on trial; nor may a witness be impeached in this fashion.

Another question on cross-examination, relating to oral representations made by other retailers to this plaintiff, was excluded. Counsel wanted to examine into what other dealers had said to the witness (president of plaintiff corporation) in the statements made by them, when they obtained credit from the plaintiff. The question was immaterial and irrelevant and had no place in the case and was properly excluded.

The next and final ruling on evidence which is urged as a ground for reversal, is the exclusion of a question addressed to a defense witness, who had been present at the previous trial and made note of a question and answer in the testimony of a plaintiff's witness at that trial. It is difficult to state the exact situation because the examination of this witness was confused and broken up by objections and colloquy, but if the examiner intended what we think he did, the information desired had already been elicited on cross-examination of the plaintiff's witness, who frankly admitted what counsel desired to prove. We perceive no error in the rulings on evidence.

It is next contended that the trial court erred in its instruction to the jury, by charging them as follows: "The burden is upon the plaintiff to prove its case by a fair preponderance of the evidence; that is, by the greater weight of the evidence." * * * "Fraud naturally is never presumed. The presumption is in favor of innocence and fraud is not to be assumed on doubtful evidence." We find no fault with this charge.

The argument of the appellant seems to be that the liability of the defendant in this case, because it is based on fraud, must be proved beyond a reasonable doubt, or by a stricter

rule than in the ordinary civil case. We do not understand that there is any such requirement in New Jersey but that the ordinary rule in civil actions applies in the case where the alleged civil rights of the plaintiff are based on deceit or fraud of the defendant. There seems to us to be no logical support for a rule in matters of this kind that would enable those guilty of a tort, even though it should be indictable, to make it more difficult for the injured party to establish civil liability. See *Kane* v. *Hibernia Insurance Co.*, 39 *N. J. L.* 697; *Blackmore* v. *Ellis*, 70 *Id.* 264.

The last contention is that the trial court fell into error in refusing to charge an instruction to the jury prepared by the defendant as follows: "You are instructed that if you find in favor of the defendant in the present suit such a finding will not exclude or deprive plaintiff from enforcing his claim in the ordinary civil way." Counsel, we assume, had in mind that the plaintiff could recover judgment against the debtor partnership on an ordinary book account. There is no merit in this point. The plaintiff elected to ground the suit against the defendant on fraud and whether or not the plaintiff could recover in an action for goods sold and delivered against the partnership was no concern of the defendant's. We think the request to charge, being irrelevant, was properly refused.

The judgment will be affirmed, with costs.