33 N.J. 448 (1960)
165 A.2d 297
NEW JERSEY MORTGAGE AND INVESTMENT CO., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
JOHN W. DORSEY AND CHERRY A. DORSEY, DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued October 24, 1960.
Decided November 21, 1960.
*449 Mr. William Furst argued the cause for plaintiff-appellant (Mr. Leonard Rosenstein, on the brief).
Mr. Michael H. Hochman argued the cause for defendants-respondents (Mr. Abraham Miller, attorney).
PER CURIAM.
The judgment is affirmed substantially for the reasons expressed in the Appellate Division opinion, 60 N.J. Super. 299 (1960). The nature of the case is such, however, that some additional observations are desirable.
Plaintiff relied in large measure on Colonial Discount Co. v. Bures, 8 N.J. Misc. 124 (Sup. Ct. 1930), affirmed o.b. 107 N.J.L. 374 (E. & A. 1931), to sustain the right to recover. It cannot escape attention that the per curiam opinion there, which cites no cases or authorities, contains no discussion of the defense of fraud in the factum. We have examined the original record and briefs in the case and find no circumstances set forth in the affidavits of the defendant on the motion for summary judgment which would sustain such a defense. Moreover, the facts recited in the moving papers demonstrate as a matter of law that defendant was negligent in failing to ascertain that he was executing a note. Consequently, the decision cannot be regarded as authority against the rule adopted in this case.
The principle expressed in the opinion of the Appellate Division, and which we adopt, is that the defense of fraud in the factum is available against any holder of a negotiable instrument provided the maker was not negligent in failing to ascertain the actual character of the instrument. Since fraud and negligence are fact issues, the question arises as to the burden of proof with respect to their establishment. *450 As to fraud, no problem is presented. It must be pleaded as a defense, R.R. 4:8-3, and the onus of proving it by a preponderance of the evidence rests upon the pleader. Newark Live Poultry Co. v. Fauer, 118 N.J.L. 556 (Sup. Ct. 1937), affirmed o.b. 120 N.J.L. 187 (1938); 8 Am. Jur., Bills and Notes, § 993. With respect to the issue of negligence of the maker in failing to become aware of the nature of the instrument he executed, the rule to be applied as to burden of proof cannot follow the conventional pattern. Usually the task of establishing negligence rests on the party asserting it. But when an admitted holder in due course of a negotiable note is faced with a defense of fraud in the factum which will defeat recovery thereon unless the maker was guilty of lack of due care in signing, it would be unjust in the ordinary situation to impose the burden on such holder. This is because the facts surrounding the giving of the note are peculiarly within the knowledge of the maker. One who discounts commercial paper before maturity and in good faith has no means of knowing, except perhaps in rare instances, the precise framework of the basic transaction, the mental operations or capacity of the maker of the note, what representations were made to him by the payee, and whether he used ordinary care in signing the instrument. A rule which would impose upon such a holder the burden of showing that the maker knew, or was careless in not knowing, what he signed would unduly hamper the transferability of negotiable paper. Muscoda State Bank v. Kolar, 187 Wis. 39, 203 N.W. 915 (Sup. Ct. 1925).
In cases involving a holder in due course absence of negligence on the part of the maker is part and parcel of the defense of fraud in the execution of the note. If he knew, or because of lack of ordinary care did not know, the character of the instrument he was putting into circulation, then his claim of fraud can have no legal substance. Knowledge, actual or imputed on the part of the maker, must deprive misrepresentations of the essential quality which gives them efficacy as a defense against a holder in due *451 course. Britton, Bills and Notes, § 130, pp. 579-86 (1943). Accordingly, it is our view that freedom from negligence is an integral part of the burden which the maker must assume in establishing his defense of fraud in the factum against a holder in due course.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO  6.
For reversal  None.