SMITH, JAMES T., Associate Judge.
This is an appeal from a final decree of foreclosure of a real property mortgage. The defendants are elderly Negroes who are unable to read or write and who reside on the property in question. In October of 1959 the Modern Improvement Co., Inc., induced defendants to enter into a contravt *654 with the corporation for certain repairs and improvements to be made on their home. Simultaneously with the making of the contract, two of the corporation agents, or principals, or employees, had the defendants sign a note and mortgage on the property. The signing was accomplished by guiding the hands of the defendants. The note and mortgage were in favor of Modern Improvement Co., Inc., and by it assigned to Investors Mortgage who assigned to plaintiffs. That the note and mortgage were regular upon the face; the plaintiffs paid a valuable consideration for them; and had no knowledge of any of the circumstances connected with the execution thereof, is not denied. Payments were made by the defendants until sometime in 1962 when they ceased; whereupon, in due course, plaintiffs filed suit to foreclose.
The defendants contend 1) that their signatures were secured by fraud, misrepresentation, and undue influence, and 2) that the witnesses to the mortgage were employees, or agents, or were officers of Modern Improvement Co., Inc., and therefore not proper and legal witnesses, and 3) that the defendants were without negligence. We will deal with grounds 1 and 3 together.
The defendants strongly contend they had no knowledge they were signing a note and mortgage on their home, yet the evidence clearly discloses that they knew they were signing some type of obligation because they made payments, in accordance with the terms of the instruments, from October, 1959, until sometime in 1962. One who relies upon fraud as a defense to the enforcement of a negotiable instrument in the hands of a holder in due course must be free from negligence,[1] Fraud is an affirmative defense and must be pleaded and proved by he who asserts it.[2] The Court is of the opinion that one who signs a negotiable instrument, without making some effort to inform himself of its contents, has not carried the burden of proof cast upon him by the Rules and Laws of our courts. As was said by our Supreme Court in the Lewinson case, supra;
“If the defense relied on by the appellee is approved, there would be no stability or security whatever to negotiable paper.”
We deal now with point 2. Defendants vigorously insist that inasmuch as the two witnesses to the execution of this note and mortgage were officers of the corporate mortgagee, that the mortgage is unenforceable because they were not disinterested witnesses. This was homestead property and under Florida law such a mortgage must be executed in the presence of two subscribing witnesses.[3] There is no requirement that such witnesses must be attesting witnesses as required for the execution of wills.[4] There is no requirement that such witnesses must be disinterested. Quite to the contrary. In Cross v. Robinson Point Lumber Co.[5] a deed was offered in evidence by the plaintiff as a link in his title, which was attested by a witness thereto, who furnished a part of the purchase money for the land, and the title was taken by the grantee in trust for this witness and the person who furnished the rest of the purchase money. The grantee in the deed sold and conveyed the land before suit in the case was brought, and divided the purchase money between the witness to the deed and the other person entitled to it. There, as here, the deed on its face did not show the interest of the witness; there, as here, it did not appear that the purchaser of the property had any knowledge of the interest of the witness. Under these circumstances the Supreme Court of Florida held that the witness was not incompetent as an attesting witness be *655 cause of interest. In the Fisher case[6] it was held that, under the statute removing the disqualifications of witnesses on account of interest in the event in the action, a mortgagee would be a competent witness to the execution of a mortgage.
Finding no error in the decision of the trial court for the reasons herein expressed, the decision of said court be, and it is hereby, affirmed.
ALLEN, C. J., and HOBSON, J., concur.

. Lewinson v. Frumkes, Fla.1952, 64 So. 2d 321.

. F.R.C.P. Rule 1.8(d), 30 F.S.A.; New Jersey Mortgage and Investment Co. v. Dorsey, 33 N.J. 448, 165 A.2d 297.

. Sec. 689.01 F.S.A.

. Sec. 731.07 F.S.A.

. Cross v. Robinson Point Lumber Co., 55 Fla. 374, 46 So. 6.

. Fisher v. Porter, 11 S.D. 311, 77 N.W. 112.