BROWNING, J.
Appellant, Skyline Outdoor Communications, Inc., requests reversal of a summary final judgment entered in favor of Appel-lee. Appellant argues, contrary to the trial court’s determination, that the lease agreement was signed by two subscribing witnesses. We agree and reverse the trial court’s order. Because our disposition of that issue is dispositive of this appeal, we refrain from addressing Appellant’s other points on appeal.
Section 689.01, Florida Statutes, requires that an assignment of an interest of land for a term of more than one year be in writing and signed, by the party to be bound, in the presence of two subscribing witnesses. The record demonstrates that each agreement between Appellant and Appellee was signed by Appellant and had two subscribing witnesses. The issue is whether Mr. Locklin, the sole owner and corporate officer of Appellant, was qualified to be a subscribing witness. Under Ross v. Richter, 187 So.2d 653 (Fla. 2d DCA 1966), Mr. Locklin is a qualified subscribing witness even though he is an officer of Appellant and was not disinterested.
Based on the requirements of section 689.01, Florida Statutes, and the reasoning in Ross, we REVERSE the summary final judgment and REMAND to the trial court for further proceedings consistent with this opinion.
WOLF, C.J.; and DAVIS, J., concur.