### 7672

### PARK v. FUNDERBURK.

1. EVIDENCE.—THAT A PROMISSORY NOTE, payable to the order of a firm, is handed the purchaser by a member of the firm with the name of the firm endorsed thereon, is presumptive evidence of a signing authorized or adopted by the firm.

2. IBID.—IBID.—FRAUD.—REPRESENTATIONS of the payee of a plain promissory note, that it was not a negotiable note, but a paper expressing conditional liability, will not avail the maker in a suit by the endorsee for value before maturity and without notice.

3. IBID.—IBID.—Statement by some of the joint makers of a note that all of the makers signed is presumptive evidence of that fact.

Before KLUGH, J., Lancaster, March term, 1909. Affirmed.

Action by Howard C. Park against W. A. Funderburk *et al.* From judgment for plaintiff, defendant appeals.

*Messrs. Williams & Williams* and *Ernest Moore,* for appellants, cite: *Whether there was a bona fide indorsement is for jury:* 7 Cyc., 791, 818, 296; 45 S. C., 527; 28 S. E., 351; 15 Rich., 272; 8 Cyc., 261. *Issue of fraudulent misrepresentation should have been sent to jury:* 9 Am. R., 548; 90 Ill., 300; 91 Ind., 167; 60 Am. St. R., 184; 55 Mich., 592; 57 Mo., 452; 4 N. Y. St., 463; 36 Ohio St., 530; 37 Wis., 61; L. R., 4 C. P., 704; 32 L. C. Jur., 163; 7 Am. R., 675.

*Mr. Harry Foster,* contra, cites: *Negotiable note:* 78 S. C., 269; 12 S. C., 200; 3 Am. R., 491; 23 Am. R. 9; 91 U. S., 389; 6 Am. St. R., 471; 36 Am. Dec., 738; 40 Am. St. R., 373; 27 S. C., 132; 15 Rich., 262; 13 S. C., 338; 28 S. C., 143; 32 S. C., 544; Dan. on Neg. Inst., 769-70; 73 S. C., 549; 74 S. C., 79. *Must have notice of breach of warranty:* 74 S. C., 79; 21 Am. St. R., 513; 95 Am. Dec., 621; 9 Am. R., 554; 13 Am. St. R., 344; 3 Am. D., 226; 72 Am. D., 461; 11 Am. St. R., 307; 58 S. C., 547; 32 S. C., 546; 28 S. C., 143; 8 S. C., 302; 63 S. C., 439. *Possession carries title:* 5 Rich., 262; 13 S. C., 338; 27 S. C., 132; 28 S. C., 143; 73 S. C., 549; 27 S. E., 299; 70 L. R. A., 315; 64 S. C., 509.

September 26, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The defendants bought a stallion called "Capuchin" from McLaughlin Brothers, of Columbus, Ohio, at the price of $3,500 for which they gave three plain negotiable notes.    At the same time McLaughlin Brothers gave the defendants a separate paper containing certain guaranties with respect to the soundness and capacity of the horse.    The plaintiff, claiming to be an indorsee and purchaser for value before maturity, brought this action on the note for $1,166 due December 1, 1907.    The defendants denied in a qualified way that they had given the note, and

set up the failure of McLaughlin Brothers to make good
their guaranties, and the return of the horse to them; they
denied the transfer of the note to the plaintiff, and alleged
that if the transfer had been made the plaintiff took it with
notice of their defenses.

On the trial the Circuit Judge directed a verdict in favor
of the plaintiff, and the question made by the appeal is
whether the evidence admitted of any other inference than
that the plaintiff had acquired title to the note by indorse-
ment before maturity without notice of a valid defense
thereto.

The plaintiff introduced the note with the name of the
payee written on the back, and testified that he bought it in
the regular course of business giving his bank check
for the purchase money without notice of the
consideration or of any collateral agreement or
of any defense. The check for $1,100 indorsed
by McLaughlin Brothers was also introduced. The defend-
ants insist that there was no evidence that the indorse-
ment of the name of the payees was made by them or by
their authority; but this position is untenable, since the plain-
tiff testified that the note was delivered to him by one of the
members of the firm of McLaughlin Brothers with the firm
name written thereon. Obviously this was an adoption by
the firm of the signature on the back of the note; and a
signing authorized by a party or adopted by him is quite as
good as a signature written by his own hand. But aside
from this evidence, the holder of a promissory note with the
name of the payee indorsed thereon is presumed to be the
indorsee for value before maturity without notice. *First
National Bank* v. *Anderson,* 28 S. C., 143, 5 S. E., 343; 32
S. C., 538, 11 S. E., 379; 8 Cyc., 229. There was no evi-
dence whatever offered by the defendants on this point con-
trary to that of the plaintiff, or tending to overcome the
presumption of law.

The defendants next contend that the Court should have submitted to the jury the question whether the note was invalid in the hands of the plaintiff because there was evidence that it had been procured from the defendants by the fraudulent representations of the payees of the note to the effect that it was not a negotiable promissory note but a paper expressing conditional liability. No principle is better established than that the fraudulent representations of the payee of a promissory note as to the nature of a paper which can be plainly read will not avail the maker in a suit brought by the indorsee for value before maturity without notice. *Sims* v. *Lyles,* 1 Hill, 39; *Hand* v. *Savannah and Charleston Railroad Company,* 17 S. C., 219.

The position on behalf of the defendants M. C. Gardner, Samuel Laney, and W. S. Langley that there was no evidence of their signing the note is not well taken. The defendants T. M. Belk, L. M. Clyburn and L. S. Elliott testified in effect that all the defendants signed the notes and there was no evidence to the contrary.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.