No. 24,819.

THE MITCHELL COUNTY STATE BANK, *Appellant,* v. W. J. GRENNAN, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS—*Trade Acceptance—Failure of Maker to Read Before Signing—Negligence—No Defense.* One who signs a negotiable instrument which has passed into the hands of an innocent holder cannot escape liability thereon because he negligently failed to read it or relied on the representations of others as to its contents and character.

2. SAME—*Evidence—Plaintiff Holder in Due Course.* Following the rule of *State Bank v. Harford Bros.,* 116 Kan. 262, it is held, upon the evidence, that the plaintiff was a holder in due course and acquired the instrument

State Bank v. Grennan.

without notice of false representations made in procuring its execution or of anything that can be characterized as fraud or bad faith.

3. SAME—*Special Findings Without Support.* Certain special findings are held to be without support in the evidence.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed July 5, 1924. Reversed.

*R. W. Turner, R. B. Turner,* and *Donald F. Stanley,* all of Mankato, for the appellant; *Omar E. Robinson,* of Kansas City, Mo., of counsel.

*R. M. Anderson,* and *W. C. Perry,* both of Beloit, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Mitchell County State Bank, upon a trade acceptance executed by W. J. Grennan. The verdict and judgment were in favor of the defendant, and plaintiff appeals.

It was contended that the instrument was made and delivered through misrepresentation and fraud of which the plaintiff had actual knowledge, and further that the instrument was not complete when it was delivered. The Consolidated Oil Company undertook to build a filling station at Beloit, and at the instance of C. E. Tennant, its agent, entered into an agreement with the defendant, as well as a number of others in the vicinity, to sell them quantities of petroleum products at one-half of the market price. The plaintiff purchased $250 worth of petroleum products upon an agreement to pay $125 for the same. A purchase order was first signed, and afterwards the trade-acceptance instrument was executed. The jury found that the defendant was induced to sign the trade acceptance upon the representation that a station would be completed, and coupons delivered, which was never done. They found also that the plaintiff had actual knowledge of the false and fraudulent representations at the time that it acquired the trade acceptance, and that such knowledge was obtained by J. H. Mott, the cashier of the bank, at the time he had signed a similar instrument. In reply to the question whether Mott had acquired the trade acceptance in bad faith, the jury answered "Yes," and found also that the bad faith consisted in that when he signed the purchase order he knew the instrument sued on was not negotiable. There were further findings that the plaintiff acquired the instrument in question before its maturity, and that he paid value for

the same. Another finding was to the effect that the instrument when delivered was not complete as it appeared when filed in the action. The testimony in the case showed that the action and the form of the instrument were substantially similar to those adjudicated in *State Bank v. Harford Bros.,* 116 Kan. 262, 226 Pac. 750.

In respect to the allegation of fraud it may be noted that the defendant admits the signing of the instrument, and that he had an opportunity to read and understand it. He admitted that he did not look to see what it contained. One who signs a negotiable instrument that has passed into the hands of an innocent holder cannot escape liability upon the ground that he negligently failed to read it, or that he relied on the representations of others as to its contents. (*Roach v. Karr,* 18 Kan. 529; *Railway Co. v. Vanordstrand,* 67 Kan. 386, 73 Pac. 113; *Stevens v. Inch,* 98 Kan. 306, 158 Pac. 43; *Machinery Co. v. Jones,* 103 Kan. 339, 175 Pac. 151, and other authorities named in those cited.) The fraud found by the jury was that the defendant was induced to sign the instrument as an acceptance of goods when the station was completed and certain coupons had been delivered. An examination of the instrument would have disclosed to the defendant that it was not a mere agreement to accept goods when the station was completed or the coupons delivered. He had the means of information as to the contents of the paper, and if he had used his opportunity he would have ascertained that he was signing a negotiable instrument. So far as the claimed promises to take goods and that the instrument would not be transferred and delivered are concerned, the court advised the jury, in effect, that if defendant negligently signed the instrument under the belief that it was a promise to take goods and would not be transferred, such belief alone, if any, or representations, if any, inducing such belief, would not constitute a defense to the defendant. The jury overlooked or violated the instruction when it made its finding as to the liability of the defendant based on the representations. It has been determined that such representations to the maker constitutes no defense to an instrument in the hands of a holder in due course. (*State Bank v. Harford Bros.,* supra.) If it were assumed that the representations were of such a character as would constitute fraud, that still would not relieve the defendant from liability unless the plaintiff had purchased the same with knowledge of the fraud or in bad faith. It was claimed and the jury found the plaintiff had knowl-

edge of the fraud, and that it was obtained by plaintiff from Tennant, the agent of the company, when he procured Mott, the cashier of the plaintiff, to sign a purchase order for petroleum products. There was no testimony warranting that finding. The fact that Mott signed the purchase order similar to the one signed by defendant tended to show good faith rather than fraud on the part of Mott. The only ground, and the one specified for the finding of bad faith, was that Mott knew when he signed a purchase order that the instrument was not negotiable. The answer was equivocal and without effect, and appears to have been an attempt by the jury to determine a question of law. The instrument was negotiable when it was signed by defendant and when it was purchased by plaintiff. We discovered nothing in the evidence showing that the instrument was purchased by plaintiff with knowledge of the representations made at the time of its execution or that the paper was acquired in bad faith. The jury did find that the paper was acquired by the plaintiff before maturity for value, and the evidence was that it paid full face value for the instrument.

Something is said about unfilled blanks in the instrument when it was signed, but we find no evidence that it was incomplete when executed, and even if some blanks had been left unfilled there was authority in the one to whom it was delivered to fill out the blanks, and when completed and transferred before maturity for value to an innocent holder it is enforceable against the one who executed it. (*State Bank v. Harford Bros.*, 116 Kan. 262, 226 Pac. 750.)

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff.