The judgment is reversed and the cause remanded.

MORROW, P. J., absent.

---

## SECURITY FINANCE CO. v. FLOYD.
### (No. 2021.)

Court of Civil Appeals of Texas. El Paso.
May 19, 1927.

Rehearing Denied June 9, 1927.

1. **Bills and notes** ⬌373—**That maker, free from negligence, was induced by fraud to execute note under belief that it was different instrument is defense against holder in due course (Negotiable Instruments Law).**

Defense, not abolished by Negotiable Instruments Law (Rev. St. 1925, arts. 5932–5948), exists against holder in due course in suit on negotiable note, where maker, by fraudulent trick or device, was induced to execute note under belief that it was instrument of different character, and was free from negligence in so doing.

2. **Estoppel** ⬌72—**Innocent person enabling another to cause loss, which former or another innocent person must suffer, must sustain loss.**

Whenever one of two innocent persons must suffer by act of another, he must sustain loss who enabled such other to cause it.

3. **Bills and notes** ⬌373—**Maker held grossly negligent, if he signed notes without knowledge of their character.**

Experienced drugstore proprietor and postmaster, who had signed notes and orders for goods before, was intelligent and had good eyesight, *held* grossly negligent if he did not know that he was signing notes, which were in single sheet, with perforations permitting detachment from attached contract and each other and plainly disclosed their character.

4. **Bills and notes** ⬌342—**Perforated or rough edges of notes, detached from contract stating payee's authority to detach them, held not to affect status of innocent purchaser.**

That notes detached from contract, on which was printed payee's authority to detach them, had perforated or rough edges, did not affect purchaser's status as innocent purchaser, as inspection of contract would have disclosed nothing to arouse suspicion respecting validity of obligations evidenced by note.

5. **Appeal and error** ⬌1175(7)—**In absence of evidence of reasonable attorney's fee, sought to be recovered as authorized by notes sued on, appellate court cannot render judgment for plaintiff.**

In absence of evidence as to amount of reasonable attorney's fee, sought to be recovered as authorized by notes sued on, appellate court cannot render judgment for plaintiff which should have been rendered below.

Appeal from Dallas County Court, at Law; Wm. M. Cramer, Judge.

Action by the Security Finance Company against Ira Floyd, doing business under the name of Floyd & Son. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Winfrey & Lane and Gresham, Willis & Freeman, all of Dallas, for appellant.
Royall G. Smith, of El Paso (on rehearing only), and R. W. Gray and B. O. Baker, both of Dallas, for appellee.

HIGGINS, J. Appellant brought this suit against appellee, doing business under the name of Floyd & Son, to recover upon six notes, five of which were for $50 each and the other for $18.40.

It was agreed that appellant "purchased these notes for value before maturity and with no notice whatsoever of any defense that the defendant might have to them, except such notice, if any, as might be imputed to the plaintiff by law on account of the fact that some of the notes have perforated or rough edges."

The notes originally were attached by perforated line to a contract signed by appellee, whereby he purchased from the payee of the notes certain radio attachments, and containing other provisions not necessary to mention.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Upon the face of this contract in plain type, just opposite the notes, and beside the perforated line, was printed: "Notes to be detached by the Brenard Manufacturing Company."

According to the testimony of the appellee a' salesman of the payee came to his place of business, exhibited and explained to him an agency contract for a radio attachment, which contract was materially different from the one he actually 'signed; he carefully examined the proposed contract and it did not contain any notes; he decided to sign the same, but just at that time a customer came in and he waited on him. He then went back to the salesman and signed the contract without further examination of same. The theory of the defense' was that while appellee was waiting on his customer the papers were substituted by the salesman.

The jury found: (1) Defendant did not know he was signing notes at the time he signed the ones sued upon. (2) His signature to the notes was obtained by the salesman by sleight of hand method or substituting the notes sued upon in the place of some other instrument which the salesman had submitted to defendant to read. (3) Defendant was not guilty of negligence in signing the notes.

[1] In most jurisdictions it has been held that a defense exists against a holder in due course in a suit upon a negotiable note where the maker by some fraudulent trick or device has been induced to execute the note under the belief that the instrument he signed was one of a different character and the maker was himself free from negligence in executing the instrument. 8 C. J., title "Bills and Notes," §§ 1048, 1049; Brannan's N. I. L. (4th Ed.) p. 436; Daniel on Neg. Insts. §§ 836, 837; Mulberger v. Morgan (Tex. Civ. App.) 34 S. W. 148; Garlitz v. Bank (Tex. Civ. App.) 152 S. W. 1151. This defense seems not to have been abolished by the Negotiable Instrument Law (Rev. St. 1925, arts. 5932–5948); 8 C. J. 790.

[2] To establish the defense, want of negligence upon the part of the maker in executing the note is absolutely essential, for the reason that whenever one of two innocent persons must suffer by the act of another, he must sustain the loss who has enabled such other person to cause the same.

[3] Appellant questions the sufficiency of the evidence to support the jury's findings. We quote one of the notes, viz.:

"P. O. Kleburg, Texas. Date 8/7/24 192—. For value received I promise to pay to the order of the Brenard Manufacturing Company Fifty Dollars, at Iowa City, Iowa, payable as below. Amount, $50.00. Four months after date.

"In case of default in payment I agree to pay payee's reasonable attorney fees.

[Signed] Floyd & Son, by Ira Floyd."

\For 20 or 25 years appellee had been running a drug' store. He was also postmaster at Kleburg, the post office being in his store. He testified he had signed notes before and orders for goods. So far as the record shows there was nothing the matter with his eyesight nor is there anything to reflect upon his intelligence. The six notes were in a single sheet with perforations so they could be detached from the contract and from each other. The most fleeting glance at the same would have disclosed the character of the six instruments. How he could have signed the six notes without discovering their character surpasses our comprehension. If, in truth, he did not know he was signing his name to notes, then he was grossly negligent in not knowing it and we so hold.

[4] The fact' that the notes had some "perforated or rough edges" does not affect the status of appellant as an innocent purchaser. At most it could but raise the surmise they had been detached from something else. If appellant, so surmising, had inspected the contract from which they were in fact detached, it would have found printed thereon the authority of the payee to detach the notes. Inspecting the contract, it would have found nothing to arouse any suspicion respecting the validity of the obligations evidenced by the notes.

[5] The judgment must be reversed, but this court cannot render in favor of appellant the judgment which should have been rendered, because appellant seeks to recover a reasonable attorney's fee, as authorized by the notes, and no evidence was offered to show what such fee would be.

Reversed and remanded.