## COMMERCE SECURITIES CORPORATION v. HAYS.

### No. 11204.

Court of Civil Appeals of Texas. Dallas.
April 8, 1933.

Rehearing Denied May 13, 1933.

Nathaniel Jacks, of Dallas, for appellant.

Thompson, Knight, Baker & Harris and Hubert W. Smith, all of Dallas, for appellee.

BOND, J.

This is a case originating in the county court of Dallas county at law No. 1. Appellant brought the suit against appellee, W. S. Hays, claiming to be a holder in due course of a negotiable note executed by appellee to McLendon Radio Shop, and purchased before maturity, without notice of any defect or vice therein. The defenses relied upon by appellee in the trial court were: (1) The failure of consideration; (2) fraud in the inducement and factum of the note; (3) that the instrument sued upon is not a negotiable instrument; and (4) forgery by material alterations, the negotiation and completion of the instrument by payee, without authority or consent of the maker.

The issues raised by the pleadings were submitted to a jury, and it found that appellant was an innocent purchaser of the note for value before maturity; that the execution of the note was induced by fraud, signed in blank, and altered after its execution without the maker's knowledge or consent. Accordingly, the court entered judgment against appellant and in favor of appellee.

The following questions, pertinent to the pleadings raising the issues indicated by the questions, and fully supported by evidence, were submitted to the jury, and its affirmative answers thereto are determinative issues on this appeal:

"Question No. 6: Do you find and believe from a preponderance of the evidence that when H. B. McLendon presented the papers here sued upon to defendant Hays, that he represented to Hays that it was not a note, but only a memorandum or sales application to enable McLendon to secure possession of the radio from another dealer?

"Question No. 7: Do you find and believe from a preponderance of the evidence that such representation by McLendon, if any, was made with intent to defraud defendant Hays?

"Question No. 8: Do you find and believe from a preponderance of the evidence that defendant Hays was induced by such representation, if any, to sign the proffered paper without knowing its contents or true character?

"Question No. 12: Do you find and believe that after such signing by Hays and transfer of possession to McLendon, the blanks on the paper above referred to were filled in by some person without authority from defendant Hays?

"Question No. 13: Do you find and believe from a preponderance of the evidence that after the paper herein sued upon was so completed by filling in of the blanks, it was sold without the authorization of defendant Hays?"

Appellant assigns error to the said issues and as to the form in which they are presented by the court. We have carefully considered each of the assignments and cannot concur in the contentions made by appellant.

The evidence shows that one H. B. McLendon was operating a radio establishment under the name and style of McLendon Radio Shop, and solicited appellee to purchase a radio; McLendon did not have in stock the particular model which appellee wanted, and induced appellee to sign the instrument sued upon, on the assurance that it was a sales application. At the time it was presented to and signed by appellee, the instrument had not been completed. The blank spaces in the printed form had not been filled in, and appellee did not authorize it to be completed in the form it was afterwards found, and never signed the instrument with the intention to be bound thereby. Appellee was not to sign a promissory note and was advised that the instrument was only necessary to enable McLendon to secure from another dealer the radio desired. Relying upon such recitations, appellee failed to read the blank form of the instrument, signed it, and thereafter, without his knowledge or consent, the amount, payee, date of execution, and date of payment were placed in the blank spaces therein provided, and transferred to appellant.

The jury in such cases being the arbiters of all controverted issues arising from pleadings and supported by evidence, under the legal observation of a trial judge, appellate courts are not authorized to disturb such findings, except in cases where a miscarriage of justice is shown. The conclusion reached is that the execution of the instrument by appellee was induced by fraud, and that the filling in of the instrument with covenants of liability, without the authority, knowledge, or consent of the maker, is forgery and subject to attack in the hands of any subsequent holder. It is well settled in this state, we think, founded upon reason and justice, that, where a person, by fraudulent representation, is induced to sign an instrument, and which, after transfer of possession, is filled in as to payee, amount, and dates of maturity, such alterations amount to forgery, and, when it is proven that the maker was not negligent in signing his name to the instrument, the same is unenforceable, even in the hands of a holder in due course.

We have considered all assignments presented, and, while some may be subject to appellant's contention, yet no such assignment is germane to the issues above quoted, therefore immaterial to the conclusion we have reached. From what we have said herein, all assignments of error are overruled. The judgment of the lower court is affirmed.

Affirmed.