## THOMPSON v. C. I. T. CORPORATION.

### No. 11051.

Court of Civil Appeals of Texas. San Antonio.

Nov. 26, 1941.

Rehearing Denied Jan. 21, 1942.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellant.

Johnson & Rogers and William N. Hensley, all of San Antonio, for appellee.

MURRAY, Justice.

Appellee, C. I. T. Corporation, instituted this suit against appellant, Mrs. Lula M. Thompson, seeking to recover the amount of principal, interest and attorney's fees alleged to be due upon a certain negotiable promissory note payable to the order of the Herweck's Paint & Wall Paper Company, in the principal sum of $689.87, payable in monthly installments, signed by Mrs. Lula M. Thompson, endorsed and delivered to C. I. T. Corporation by Herweck's Paint & Wall Paper Company for a valuable consideration of $600.

The trial was begun to a jury but resulted in a peremptory instruction for the C. I. T. Corporation, from which judgment Mrs. Lula M. Thompson has prosecuted this appeal.

The record shows that the C. I. T. Corporation is a holder in due course of this note, and that the signature ·of Mrs. Thompson to the note is a genuine signature. Mrs. Thompson's only defense is that she was induced to sign the note by the fraud of her son-in-law I. S. (Jack) Kahn, Jr.

It is clear that before Mrs. Thompson can prevail against a holder in due

course upon her plea of fraud, she must show that, being herself free from negligence, she was induced by some fraudulent trick or device to execute the note under the belief that the instrument she signed was one of a different character. 6 Tex.Jur. 65. Unless it is affirmatively shown that Mrs. Thompson is herself free from negligence her plea of fraud cannot be upheld.

We are of the opinion that if Mrs. Thompson did not know that she was signing a note then, under the undisputed facts, she was guilty, as a matter of law, of the grossest negligence in signing her name to such instrument and cannot escape liability on her plea of fraud.

Mrs. Thompson admitted that she was a graduate of both a high school and a business college; that she could read without glasses. Her son-in-law never attempted to prevent her from reading the instrument before she signed it. She noticed the blank spaces in the instrument were not filled out and called this matter to the attention of her son-in-law. She signed three instruments at the time, to-wit: the promissory note, a completion certificate and a credit statement. A most casual glance at the note would have disclosed its true nature. The note and completion certificate read as follows:

"Promissory Note

$689.87          August 18, 1939
San Antonio, Texas

After date, I, we, or either of us, promise to pay to Herweck's Paint & Wall Paper Co. or order the sum of Six hundred and eighty-nine and 87/100...Dollars in 36 successive monthly instalments each of $19.16, except the final instalment which shall be the balance due on this note, commencing on the 18 day of September, 1939, and on the same date of each month thereafter until paid, with interest on principal, after maturing of entire balance as herein provided, at the highest lawful rate and 15% of the principal and interest of this note, or, at the option of the holder, a reasonable sum as attorney's fees, if placed in the hands of an attorney for collection after default. On nonpayment of any instalment at its maturity, all remaining instalments shall become immediately due and payable. Authorized F. H. A. 'late charges' (5¢ per $1, maximum $5) payable on any instalment more than 15 days in arrears. Protest waived. Value received without re-

lief under any exemption or insolvency law.

(Signed) Lula M. Thompson.

Negotiable and payable at the office of C. I. T. Corporation, New York, Chicago or San Francisco with exchange.

"Completion Certificate

Notice to borrower—do not sign this certificate until the work is satisfactorily completed.

I (we), the undersigned, hereby certify that all articles and materials have been furnished and installed and the work satisfactorily completed in accordance with my application for a loan on the premises as indicated below and pursuant to the provisions of Title I of the National Housing Act as amended.

The undersigned hereby authorizes detachment of my (our) note and, if said note is undated, hereby authorizes C. I. T. Corporation to insert the date hereof or any later date as the date of said note.

(Signature) Lula M. Thompson
August 17, 1939".

Kahn told his mother-in-law that the instrument was an application which it was necessary for her to sign before he could transfer a home to her.

■ Under all the facts, we hold that she was guilty of negligence as a matter of law in signing the blank note without reading it. Security Finance Company v. Floyd, Tex.Civ.App., 294 S.W. 1113; Commerce Securities Corp. v. Hays, Tex.Civ.App., 60 S.W.2d 335.

■ Mrs. Thompson was bound to know that she might be misled as to the contents of the instrument by Kahn. She could have easily read the instrument and ascertained its true nature. Rather than do this she chose to put confidence in Kahn and rely upon his representations. Her confidence thus reposed in Kahn is now bound to result in injury either to herself or to the C. I. T. Corporation. It was her act that enabled Kahn to occasion the injury, therefore she should bear the loss rather than the C. I. T. Corporation.

■ There is no contention made here that the C. I. T. Corporation was not a holder in due course of the note in suit. The facts with reference to Mrs. Thompson's signing the note are undisputed. Reasonable minds could come to but one conclusion, to-wit, Mrs. Thompson was guilty of negligence in signing the note with-

out reading it, therefore, there was no question to be submitted to the jury. 8 C.J. p. 1066, Note 15; 11 C.J.S., Bills and Notes, p. 219, § 703, under title "Negligence"; Home Nat. Bank v. Hill, 165 Ind. 226, 74 N.E. 1086.

The judgment is affirmed.