TERRELL, Justice.
Appellant sued appellee on 'two promissory notes that were executed by another in favor of appellee. They were endorsed by appellee prior to maturity and purchased by appellant for value in due course. The answer to the complaint sets up two defenses: (1) Admitted the execution of the notes as alleged but averred that they were the product of fraud and deception on the part of another, and being so, appellee was free from negligence. (2) Said notes bore usurious interest, but that point is not involved in this case. Evidence by dcposition was proffered in support of the pertinent defense, on consideration of which, motion for summary, judgment .was. granted in'favor of appellee. We are confronted with an appeal from the latter order.
The sole point for determination is whether or not-appellee executed the notes free from negligence on her part.
•It'-is admitted that if she executed the notes at the request of a third party, free from negligence on her part, her.plea was a good defense to their execution. The only' evidence on the point- was the deposition of appellant and Wil Cohen. Appellant testified that he acquired the notes prior to maturity in good faith and without knowledge as to their execution. The pertinent part of Cohen’s testimony is that he presented two blank pieces of paper to- ap-pellee, told her to sign, and that she complied with his request. The blank papers were the backs of the. two promissory notes on which appellant 'brought this action as a bona fide holder in due course.
On this evidence the' lower court held that in law appellee-was-free from negligence. 'She was at the time, and had been, secretary and receptionist for Wil Cohen, and had on previous- occasions attached her name to negotiable paper in similar fashion to that pointed out here. Such was the theory on which the order appealed from was entered. • '
Th.e defense relied bn' has frequently been, granted, to'the ignorant and the illiterate, and those under duress or the control of Others to such extent that their freedom of action is overcome, but we do not understand that it will aid the intelligent, the informed, -o-r those who can read and write. Bank of Holmes v. Thompson, 192 Iowa 1032, 185 N.W. 986; Mitchell County State Bank v. Grennan, 116 Kan. 442, 227 P. 530; Van Slyke v. Rooks, 181 Mich. 88, 147 N.W. 579; First National Bank v. Stanley, 46 Mo.App. 440; Park v. Funderburk, 87 S.C. 76, 68 S.E. 963; Thompson v. C. I. T. Corp., Tex.Civ.App., 157 S.W.2d 961. We have examined the cases relied-on by appellee but ,we think the cases here cited state the better- rule. .
If the defense relied on by appellee is approved; there would be no stability or secu *322 rity whatever to negotiable paper. It may be that appellee was in the habit of carrying out Wil Cohen’s requests; but when she does, and her act results in injury to another, she must suffer the consequences of her wrong. One cannot initiate a chain of circumstances which results in evil to another and avoid the result of his ill deed.
The judgment appealed from is therefore reversed.
Reversed.
SEBRING, C. J., and THOMAS and HOBSON, JJ., concur.