**UNITED STATES**

v.

**CASTILLO et al.**

**Civ. A. No. 2295.**

United States District Court
D. New Mexico.

March 23, 1954.

James A. Borland, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

Defendants were not represented by counsel.

WALLACE, District Judge.

The plaintiff, the United States of America, brings this action as assignee of a promissory note executed by the defendants, Nicanor Castillo and Felicita C. Castillo, and originally delivered to the A.B.C. Insulation Company in consideration for certain insulation work on defendants' home.[1]

The sole issue before the Court is whether the defendants have a valid defense of "fraud in the inception" which can be urged against the Government.

From the introduced evidence the Court finds the following facts:

(1) The defendants, husband and wife, are of Spanish-American descent and insofar as the English language is concerned are illiterate, being unable to read or write English in any appreciable degree; although, both have the ability to understand common or ordinary English when spoken.

(2) The agent of the payee of the note in question knew of the defendants' inability to read English and falsely represented to defendants that they were signing a contract to repair their dwelling, and that such a contract was necessary in order for the workmen to proceed with the insulation work; and, in reliance on such misrepresentation the defendant signed what developed to be the sued upon note.[2]

(3) The defendants were not guilty of negligence in failing to discover the true character of the instrument signed by them.

(4) The plaintiff is a holder in due course for value who had no notice of any infirmity in regard to the note at the time the note was acquired.

Under this set of facts the Court is satisfied that the defendants have a valid defense even against a purchaser for value, such as the Government.

Although a holder in due course holds an instrument such as the instant one free from any defect of title, and free from defenses available to prior parties among themselves insofar as a voidable instrument is concerned,[3] where fraud in the inception is present, such as here, such fraud makes the instrument an absolute nullity and not merely voidable. However, to completely

---

1. The note was in the principal amount of $275.95, payable in monthly installments of $7.67, with interest at 6% per annum. A.B.C. Insulation Company, the original payee, for value received assigned and transferred said note to the Allied Building Credits, Inc.; thereafter on or about December 7, 1948, Allied transferred said note to the United States of America, as provided for in the National Housing Act, June 27, 1934, c. 847, 48 Stat. 1246, Title 12 U.S.C.A. § 1701 et seq.

2. The defendants understood that it was necessary to sign the instrument in question in order that the workmen could begin to install the insulation; and, were lead to believe they would not sign the paper which would bind them to pay for the job until such time as the job was satisfactorily completed. Although the workmen immediately began work on the defendants' home they only partially completed the job and never returned to complete the insulation work. Consequently, the defendants refused to make payments on the note.

3. Section 53–157 of N.Mex.Stat.Ann. (1941) provides: "A holder in due course holds the instrument free from any defect of title or prior parties, and free from defense available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." It must be observed that this section does not validate negotiable instruments which are void as distinguished from those merely voidable. Cf. Farmers' State Bank of Texhoma, Oklahoma v. Clayton Nat. Bank, 1925, 31 N.M. 344, 245 P. 543, 46 A.L.R. 952, wherein it was held that the Uniform Negotiable Instruments Law is merely declarative of the law merchant heretofore in effect and is not intended to modify the gaming law so as to allow enforcement by holder in due course of note or bill won at gambling.

invalidate the enforceability of a negotiable promissory note the fraud perpetrated must be such as to induce the maker of the note to execute the same under the mistaken belief that the instrument being signed is something other than a promissory note and must come about as a direct result of misrepresentation on the part of the payee or his agent.[4] Naturally, the maker cannot be guilty of negligence in signing a written instrument and then defend upon the ground of lack of knowledge where in the exercise of reasonable prudence the attempted fraud could be discovered;[5] and, generally it is no defense to the enforcement of an obligation like the instant one to insist that a fraud has been wrought where the maker does not take the care to read the instrument being signed, inasmuch as such an omission generally constitutes negligence.[6] If such were not the general rule, where a person is of average intelligence and is qualified to read, then every negotiable instrument would be clouded with the possible defense that the maker did not read the instrument prior to signing it. However, the failure to read an instrument is not negligence per se but must be considered in light of all surrounding facts and circumstances with particular emphasis on the maker's intelligence and literacy.[7]

Although the New Mexico Court has not ruled on this specific point, this narrow exception has been clearly recognized in other jurisdictions.

In C. I. T. Corporation v. Panac[8] the California Supreme Court, upon facts almost identical with the facts in the case at bar,[9] recognized the principle of law which controls the instant case, when it held that the illiteracy of a party whose signature to a negotiable instrument is obtained by fraudulent representation that instrument is of different character than one which maker believes he is signing is material when such fraud is pleaded as a defense against a bona fide purchaser suing on such instrument; and, although the

4. Lundean v. Hamilton, 1918, 184 Iowa 907, 169 N.W. 208, superseding opinion on rehearing, Iowa, 1916, 159 N.W. 163.

5. Thompson v. C. I. T. Corporation, Tex. Civ.App., 157 S.W.2d 961. See 10 C.J.S., Bills and Notes § 499b, p. 1100 and cases cited at footnote 85 therein.

6. "In respect to the allegation of fraud it may be noted that the defendant admits the signing of the instrument and that he had an opportunity to read and understand it. He admitted that he did not look to see what it contained. One who signs a negotiable instrument that has passed into the hands of an innocent holder cannot escape liability upon the ground that he negligently failed to read it or that he relied on the representations of others as to its contents. (Citing cases.)" Mitchell County State Bank v. Grennan, 1924, 116 Kan. 442, 227 P. 530, 531. Cf. Security Finance Co. v. Floyd, Tex.Civ.App.1927, 294 S.W. 1113.

7. Read, Harber v. Lincoln, 1935, 175 Okl. 221, 51 P.2d 967, wherein the Oklahoma Supreme Court held that where an illiterate 86 year old colored man was induced to sign a negotiable note without understanding that he was signing a note as maker, and where said maker was free from negligence, the note was deemed unenforceable in the hands of a bona fide holder.

8. 1944, 25 Cal.2d 547, 154 P.2d 710, 160 A.L.R. 1285.

9. In the C. I. T. Corp. case, 154 P.2d at page 712, the facts found by the trial court sitting without a jury were: " * * * that defendants are husband and wife; that they are illiterate, being unable to read or write the English language, and William Hart the agent of the payee knew of that fact; that Hart gained the trust and confidence of defendants and secured their signatures to the notes by false representations which induced the defendants to believe that they were signing a contract to repair dwelling houses and nothing else, and that defendants were ignorant of the fact that they were signing notes; that defendants relied upon such false representations and were prevented thereby from seeking independent advice although they requested that they be permitted to obtain it; that defendants were not negligent in signing the notes; and that plaintiff is a holder in due course and had no notice of any infirmities in the notes at the time they were acquired."

maker must have been free of negligence, a person who cannot read is not always negligent in failing to call on another to read the instrument to such person before the instrument is signed.

The defendants, Mr. and Mrs. Castillo, had no reason to believe the agent of the payee in question was misrepresenting the character of the paper signed and under the particular circumstances were not guilty of negligence in failing to verify that the instrument was in fact a note rather than a contract for repairs as fraudulently represented.

The sued upon instrument was void from its inception and consequently the defendants are entitled to judgment.

Counsel should submit a journal entry within 15 days to conform with this opinion.