SOPHIA S. FREEDLEY *vs.* CHARLES W. FRENCH & another.

Suffolk.    January 23, 1891. — September 3, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Release — Fraudulent Representations.*

On the issue whether a release was procured from the holder of a promissory note by false and fraudulent representations, there was evidence that the indorser's agent presented the release for the holder's signature, saying that the indorser was embarrassed and could not go on without an extension which the paper would grant, but did not state that the paper was a release, and that the holder did not examine the paper or understand that it released the indorser, and would not have signed the paper knowing it to be a release. The presiding judge instructed the jury, that it must appear that there was some concealment of the contract, some act tending to throw the holder off his guard or prevent the reading of the release; and that, if the contents of the release were concealed from the holder, it was not binding. *Held,* that there was evidence for the jury that the holder's signature was procured by fraudulent representations and concealment; and that the reference in the instruction to "concealment" meant clearly such as would result from the contents of the instrument being falsely stated, and afforded no ground of exception.

CONTRACT on a promissory note, dated June 9, 1883, signed by Charles W. French, and made payable to the order of Ferdinand F. French in one month from date, and indorsed in blank

by him, and he alone defended. Trial in the Superior Court, before *Staples*, J., who refused to order a verdict for the defendant, but ordered a verdict for the plaintiff; and the defendant alleged exceptions. The case appears in the opinion.

*G. L. Huntress*, for the defendant.

*C. W. Cushing*, for the plaintiff.

MORTON, J. The note declared on in this case was originally given to one Frances M. Freedley, now Frances M. Leavitt. It was signed by Charles W. French, was made payable to the order of his brother, Ferdinand F. French, and was indorsed in blank by him waiving demand and notice, and was given by Charles W. to Frances M. Freedley for value. Long after it was overdue, she transferred it to the plaintiff. The maker and indorser were both sued, and the latter alone defends. The defence set up is that in December, 1884, which was after the note was due, and when it was the property of Frances M., she executed a release under seal, in common with other creditors of Ferdinand F., discharging him "from all debts, demands, actions, and causes of action" which they had against him. In reply to this, the plaintiff alleges that Frances M. signed the release without receiving any consideration therefor, in consequence of the false and fraudulent representations of Ferdinand F., or his agent, Charles W., and that the same is not therefore a bar to this action.

The defendant asked the court to rule that there was no evidence of fraud in obtaining the release, and to direct a verdict for the defendant. The court declined so to rule, and submitted the following questions to the jury:

" 1. Were the signing and delivering of the instrument in question obtained from Frances M. Freedley by false and fraudulent representations of the defendant's agent, made while acting within the scope of his agency, as to the effect and purpose of said instrument, as alleged, the contents being concealed from her, and she not being negligent in the premises?

" 2. Did Frances M. Freedley sign and deliver the paper in question in ignorance of what it contained, not having read the same, or heard it read, and being falsely informed as to its real character, contents, and provisions by the defendant's agent while acting within the scope of his agency.

" 3. Did Frances M. Freedley sign and deliver the instrument in question without consideration therefor?

"4. Did Frances M. Freedley sign the same as a sealed instrument, or without a seal?"

To the first three of these questions the jury answered, Yes, and to the last answered, Without a seal; and the court thereupon directed a verdict for the plaintiff.

Frances M. Freedley, who has become by marriage Mrs. Leavitt, was a witness for the plaintiff, and testified that Charles W. French presented the paper to her for signature, and said that his brother was embarrassed, and, unless his creditors signed the paper giving him more time, he could not keep on with his business; that if he went on with his business it would be all right, his debts and obligations would be paid; and that he would not be able to go on with his business unless his creditors signed the paper giving him time, but if they did it would be all right. She further testified that she thought the paper was not presented to her till after the conversation, and that she took it to her desk and signed it; but afterwards she said she did not remember whether Charles W. French placed it on the desk, or whether she did. She also testified that the paper was not read to her, and she did not examine it, and Charles W. did not state to her that it was a release of the indorser, or that it was a release of Ferdinand F., and the first she knew that it was claimed to be a release was after the suit was brought. In answer to the question, "Did he [Charles W.] say anything about that paper before he left the house?" she replied that he said the interest would be paid, and he asked if she wanted it paid annually or semiannually, and she said it made no difference so it was paid; and in answer to the question, "What did he say about that paper before you signed it?" she said, "The same that I have said." She also testified that the only reason for her signing it was simply that Charles W. asked her, and that she would not have signed the paper if she had known it was a release of the debt. On cross-examination, she said that she could not tell whether Charles W. handed her the paper or not; that she only saw it to sign it; that she could not remember whether the paper was turned over so that she could only see the signatures when she signed; that she did not know that Charles W. made any effort to conceal the paper or what was in it from her, but she did not remember his reading it to her; that she thought it was merely an extension of time;

and that he said unless they (the creditors) all signed it, the signing of the others, would not amount to anything, he could not go on with his business unless it was signed by all. Mrs. Leavitt's testimony was corroborated by that of her husband in the following particulars. He testified that Charles W. "said that his brother was embarrassed, and that he needed time in order to get on his feet again; that this paper gave him that time"; that he thought Charles W. "urged Mrs. Leavitt to make the signature, and that Mr. French placed the document on the table for her to sign," as he remembered it; and that he did not hear the document read, and nothing was said about its being a release. Charles W. testified that he took the paper at the request of Ferdinand F. to Mrs. Leavitt, (then Frances M. Freedley,) and read it and explained it to her, and she then took it into the parlor and sat down at her desk, signed it, and handed it back to him.

The question is not which way the weight of the evidence inclines, but whether there was any evidence for the jury tending to show that Mrs. Leavitt's signature was procured by false and fraudulent representations and concealment. And we are of opinion that there was, and that the case was rightly submitted to the jury.

It is true that Mrs. Leavitt was required to exercise reasonable care in acquainting herself with the contents of the paper, and that she would not be allowed in an action by or against her on a contract to show simply that she was ignorant of its contents when she signed it, and that it was different from what she supposed it to be, and so to avoid its effect. But this rule would be subject to the condition that no fraud was practised upon her for the purpose of procuring, and which resulted in procuring, her signature. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80. *Leddy* v. *Barney,* 139 Mass. 394. *Jackson* v. *Olney,* 140 Mass. 195. And whether she was negligent or exercised reasonable care was a question of fact for the jury, in considering all the circumstances, to decide. It can hardly be said, as matter of law, that a party is guilty of negligence who signs a paper relying upon the representations as to its contents and effect made by the party presenting it, and without himself examining it. If there may be such cases, this is not one of them. See *Chapman* v. *Rose,* 56

N. Y. 137; *Foster* v. *Mackinnon*, L. R. 4 C. P. 704; *Putnam* v. *Sullivan*, 4 Mass. 45.

It was competent for the jury to find, upon the testimony of Mr. and Mrs. Leavitt, that the representations and statements made by Charles W. related to the paper which was presented by him for her signature; and if the jury believed their testimony, they were justified in finding that these statements were false and fraudulent, and that he concealed from her the real nature of the instrument to which he was soliciting her signature, and thereby induced her to sign the document. Mrs. Leavitt states expressly that she was induced to sign it by what Charles W. said, meaning evidently what he said to her about his brother's creditors, and the necessity of his having more time, etc. *Trambly* v. *Ricard*, 130 Mass. 259.

The court instructed the jury, among other things, that it must appear that there was some concealment of the contract, some act tending to throw Mrs. Leavitt off her guard or prevent her from reading the release; and that if the contents of the release were concealed from her, it was not binding upon her. The words "concealment" and "concealed" are not used by the court in a sense that implied that the paper was or might have been actually concealed or hidden by Charles W. from the examination of Mrs. Leavitt, for it is evident that there was nothing of the kind, and the jury could not so have understood them. But it is clear that the court meant, and the jury must have understood it to mean, the concealment which would result from his stating the contents of the paper as other than they really were. So construed, the instructions are not objectionable.

The jury having found that the signature of Mrs. Leavitt was procured by the false and fraudulent representations and concealment of Charles W. French, and that she was not negligent in affixing her signature to the paper, and the instructions of the court on this branch of the case being sustained, the findings of the jury on the two remaining questions become immaterial, and the instructions and rulings of the court relating thereto need not be considered. It is not contended by the defendant that they are material, or operated to his prejudice, if the rulings of the court on the other branch of the case are sustained.

The result is, that the                     *Exceptions are overruled.*