MAURICE A. BRANZ

*vs.*

CARLTON H. STANLEY AND ALICE F. STANLEY.

Cumberland.   Opinion, February 19, 1947.

*Julius Greenstein,*

*Milan J. Smith,* for the plaintiff.

*E. A. Turner,* for Alice F. Stanley.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FEL-
LOWS, JJ., AND MANSER, ACTIVE RETIRED JUSTICE.

STURGIS, C. J.   In this action upon a promissory note against
Carlton H. Stanley and Alice F. Stanley at the close of the
evidence the jury was instructed to return a verdict against
both defendants. Carlton H. Stanley abides the verdict. Alice
F. Stanley reserved exceptions.

The case reported shows that Carlton H. Stanley, having
wrecked his Studebaker, on October 30, 1945 purchased and
received delivery of a used Terraplane from Samuel Silverman
doing business as Sam's Used Car Lot, traded in his old car and
gave his negotiable installment note of even date for $275 in
part payment of the balance of the purchase price. On the same
or following day the payee having indorsed the note for transfer,
offered it for discount to Maurice A. Branz doing business as
the Guardian Acceptance Co., but he refused to finance the
paper without another signer and a representative apparently
of the payee carried the note to the home of Carlton H. Stanley
and his wife Alice F. Stanley signed it as a comaker. Five days
later the note still bearing its original date and indorsement for
transfer was delivered to Maurice A. Branz who sent his check
for $250 to Samuel Silverman for it and when the first install-
ment was not paid sued the signers jointly for the full amount
of the note.

The exceptant Alice F. Stanley, however, stated at the trial
that on November 5, 1945 a man whom she did not know
brought papers to her home which her husband Carlton H.

Stanley asked her to hurry and sign and on her inquiry as to what they were told her that they were just about the car, which she thought referred to the wrecked Studebaker and not to the Terraplane just bought, and without knowing their contents she wrote her name on two papers where the man who had kept them folded up lifted the corners for her to sign. She insisted that she did not know she had signed a note and conditional sales agreement which the papers proved to be, or even that her husband had made the instruments until later he told her what she had done and made known his intention to desert her and let her pay for the car. And she says that when a few weeks later he did abandon her she notified the holder of the note she would not be responsible for it.

The exceptant's account of what took place when she signed the note in suit is partially confirmed by her housekeeper and not clearly contradicted in the record. And improbability does not compel its rejection as unworthy of belief. If found to be true, which we think it could be, the note which she signed was a forgery and if that defense is not barred by her own negligence she is not liable on it in this action. For it is well settled in this jurisdiction that if not intending to sign a promissory note she was by fraud and deceit and without negligence on her own part tricked into signing that which afterwards proved to be a note the instrument is a forgery and void as to all parties. And whether she is estopped by her own negligence from denying her signature was a question for the jury. *National Bank* v. *Hill*, 102 Me., 346, 66 A., 721, 120 Am. St. Rep., 499; see Negotiable Instruments Act, R. S. 1944, Chap. 174, Sec. 23; 8 Am. Jur., 318.

We are of opinion that the charge of fraud made here raises issues of facts which should have been submitted to the jury and the ruling below directing a verdict against the exceptant was error. On this ground, without consideration of other questions argued on the briefs, the exceptions are sustained.

*Exceptions sustained.*