**MILLROSE CORPORATION**, Appellant

v.

Calvin P. **BRENT** et al., Appellees.

**MILLROSE CORPORATION**, Appellant

v.

Barbara E. **HICKS**, Appellee.

Nos. 14872, 14873.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1959.

Decided Oct. 15, 1959.

Mr. George B. Parks, Washington, D. C., with whom Mr. Sheldon E. Bernstein, Washington, D. C., was on the brief, for appellant.

Mr. S. Churchill Elmore, Washington, D. C., for apellees.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

■ These two appeals, consolidated in this court, are from judgments of the District Court cancelling two promissory notes and two deeds of trust securing them. These instruments were given by appellees, respectively, to Consolidated Engineering and Distributing Company of America. The notes came into the ownership of appellant as a holder in due course. Appellees sued for their cancellation as void because obtained by the payee, the Consolidated Company, by its fraud in procuring their execution, not attributable to the negligence of appellees. If so the instruments amounted in law to forgeries and the purported obligation of appellees under them could be terminated, notwithstanding the notes had come into the ownership of appellant as a holder in due course. See Columbia Federal Sav. & Loan Ass'n v. Jackson, D.C.Mun.App., 131 A.2d 404, 407–408; Branz v. Stanley, 1947, 142 Me. 318, 51 A.2d 192; C.I.T. Corp. v. Panac, 1944, 25 Cal.2d 547, 154 P.2d 710, 160 A.L.R. 1285; Freedley v. French, 1891, 154 Mass. 339, 28 N.E. 272; Annotation 1944, 160 A.L.R. 1295; Britton, Bills and Notes, § 130 (1943).

■ Upon evidence taken at a trial the learned District Judge, with opportunity to observe the witnesses and to appraise what occurred in light of the personalities, capacities and education of the parties to the relevant events, made findings that the signatures on the notes were procured in such circumstances that the signers were not in fact aware they were executing notes but believed, and were deceptively induced to believe, that they were signing contracts for improvements and that their liability for payments therefor would accrue only when the agreed improvements were completed. The court also found that the forms used were designed to trick and deceive persons in the situation of appellees and that the signatures of appellees were the result of the payee's fraud. The court also found that appellees were not negligent in the signing of the notes, and concluded that the notes were void and appellees were entitled to their cancellation. Judgments to that effect were entered.[1]

Our examination of the record satisfies us that the findings of the court are supported by substantial evidence and are not clearly erroneous. See Rule 52(a) Fed.R.Civ.P., 28 U.S.C.A. The conclusions reached follow from the findings. The ensuing judgments accordingly are

Affirmed.

---

1. Another aspect of the same general course of dealing on the part of the Consolidated Company is set forth in our opinion in Lieberman v. United States, 102 U.S.App.D.C. 310, 253 F.2d 46.