NEW JERSEY MORTGAGE AND INVESTMENT CO., A NEW
JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v.
JOHN W. DORSEY AND CHERRY A. DORSEY, DE-
FENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 15, 1960—Decided March 14, 1960.

300

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. Michael H. Hochman* argued the cause for defendants-appellants (*Mr. Abraham Miller*, attorney).

*Mr. William Furst* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

CONFORD, J. A. D.   This is an action on a negotiable promissory note by a holder in due course thereof against the maker.   The note had been given to U. S. Homes, trading as National Homes, a firm in the business of home improvement, in connection with a contract to do certain improvements on the defendants' home.   The note was for $2,435.40, payable in 60 monthly installments of $40.59, and plaintiff had purchased it the day after its execution for $1,800.   At the trial, the defendants undertook to prove that at the time they signed the note it was blank and that it was attached to and a part of a credit application; that they did not know they were signing a note; and that the agent of U. S. Homes had represented to them that they were signing a credit application.   Upon objection to this line of proof, the trial judge considered argument on the point in the absence of the jury, and then ruled that the facts outlined by the defendants' counsel in his proffer of proof, as aforestated, would be insufficient as a matter of law to defend against a holder in due course.   Defendants conceded that the plaintiff was a holder in due course.

Upon suggestion of the court, the parties entered into a stipulation of settlement.   The terms of the stipulation were that the plaintiff would accept as full satisfaction the sum of $2,350 if paid within 30 days; otherwise judgment would be entered in favor of the plaintiff for the amount sought in the complaint—$2,814.85, plus interest and costs of suit. The third paragraph of the stipulation stated that if judgment were entered because of failure to make the stipulated payment, "the rights of the defendants to appeal from any of the rulings of the court rendered at the trial of the issues

joined as aforesaid shall be preserved to the said defendants." The stipulated payment was not made, and judgment was consequently entered.

The defendants assert two basic grounds of appeal. It is contended, first, that the instrument was incomplete at the time it was turned over to the payee by the defendants and never "delivered" by them to the payee as a note, and that therefore, under the Negotiable Instruments Law (*R. S.* 7:2-15), its subsequent completion and negotiation without authority from them did not make it a valid contract in the hands of the plaintiff. Second, it is argued that the signatures of the defendants on the note were procured by fraud in the *factum, i. e.,* such fraud as prevented the defendants' knowing that they were signing a negotiable instrument; and it is contended that this constitutes a "real defense" of the type which is invocable even against a holder in due course.

We address our attention to the last stated ground of appeal, as our conclusion thereon requires a reversal.

At common law, such fraud in the procurement of the execution of a note or bill as results in the signer's being ignorant of the nature of the instrument he is signing, sometimes designated as fraud in the *factum,* was held to be a real defense, *i. e.,* invocable even against a holder in due course, provided the maker or drawee was not negligent in failing to discover the actual character of the instrument. *Britton, Bills and Notes* (*3d ed.* 1943), § 130, *pp. 566 et seq.; Brannan, Negotiable Instruments Law* (*6th ed.* 1938), § 55, *pp.* 623-627; *Note, "Real Defenses to Negotiable Instruments in New Jersey,"* 7 *Rutgers L. Rev.* 405, 409-410 (1953). Such fraud was distinguished from "fraud in the inducement," where the signer was led by deception to execute what he knew to be a negotiable instrument, this being only a personal defense, not available against a holder in due course. The subject is discussed at length by Professor Britton in *"Fraud in the Inception of Bills and Notes,"* 9 *Cornell L. Q.* 138 (1924) and in his textbook, cited above.

There is apparently no New Jersey case giving express consideration to the question as to whether the common-law rule obtains in this State, notwithstanding the adoption of the Negotiable Instruments Law in 1902 (*L.* 1902, *c.* 184). That act does not expressly distinguish between fraud in the *factum* and other kinds of fraud, and provides that fraud (undifferentiated) renders defective the title of a person who obtained the instrument or any signature thereto by that means, *R. S.* 7:2–55, but does not affect the rights of a holder in due course, *R. S.* 7:2–57. *Cf. Budget Corporation of America v. DeFelice,* 46 *N. J. Super.* 489, 493 (*App. Div.* 1957), to the effect that fraud in the *factum* vitiates the delivery of the instrument by the defrauded person. Illustrating the rule that ordinary fraud will not avail as a defense against a holder in due course are such cases as *Davis v. Clark,* 85 *N. J. L.* 696 (*E. & A.* 1914); *Auto Brokerage Co. v. Ullrich,* 4 *N. J. Misc.* 808 (*Cir. Ct.* 1926); and *Driscoll v. Burlington-Bristol Bridge Co.,* 8 *N. J.* 433, 479–485 (1952).

In *Colonial Discount Co. v. Bures,* 8 *N. J. Misc.* 124 (*Sup. Ct.* 1930), affirmed o. b. 107 *N. J. L.* 374 (*E. & A.* 1931), the court sustained the striking as frivolous of an answer to an action on a note, given in connection with the purchase of a car, which defended on the basis of facts amounting to fraud in the *factum.* The opinion contains no discussion of the significance of the facts in terms of that specific kind of fraud, going off on the conventional rule that the holder in due course takes free of the defense of fraud. The decision thus has no value as a precedent for present purposes. Moreover, the facts there relied upon clearly bespoke negligence by the maker of the notes.

The great weight of authority elsewhere favors the defense of fraud in the *factum* against any holder, provided the maker was not negligent in failing to ascertain the actual character of the instrument. The rationale of the defense is the fundamental of contract law that one cannot be bound on an obligation he does not know he is entering

into. *Restatement, Contracts,* § 475. A good discussion of the principle, including the qualification as to the signer's negligence, is found in *C. I. T. Corporation v. Panac,* 25 *Cal.* 2d 547, 154 *P.* 2d 710, 712–714, 160 *A. L. R.* 1285 (*Sup. Ct.* 1944), where it was said (154 *P.* 2d, at *page* 713) :

"* * * It was not intended by the enactment of the negotiable instruments law that the whole law of contracts was to be abrogated unless clearly indicated. The defense under consideration goes to the existence of any contract. If there is no contract there is no negotiable instrument, which is a simple contract."

See also *Gardner v. Rubin,* 149 *Cal. App.* 2d 368, 308 *P.* 2d 892 (*Cal. Dis. Ct. App.* 1957) ; *Columbia Federal Savings & Loan Ass'n v. Jackson,* 131 *A.* 2d 404 (*Mun. Ct. App. D. C.* 1957) ; *Zier v. Eastern Acceptance Corp.,* 61 *A.* 2d 106 (*Mun. Ct. App. D. C.* 1948) ; *Branz v. Stanley,* 142 *Me.* 318, 51 *A.* 2d 192 (*Sup. Jud. Ct.* 1947) ; *First National Bank of Odessa v. Fazzari,* 193 *N. Y. S.* 2d 367, 369 (*Cty. Ct.* 1959) ; *Chapman v. Rose,* 56 *N. Y.* 137 (*Ct. App.* 1874) ; *Millrose Corporation v. Brent,* 271 *F.* 2d 508, 509 (*D. C. Cir.* 1959) ; *United States v. Castillo,* 120 *F. Supp.* 522, 523–524 (*D. C. D. N. M.* 1954) ; *Amato v. Fullington,* 213 *Or.* 71, 322 *P.* 2d 309, 315 (*Sup. Ct.* 1958) ; *Freedley v. French,* 154 *Mass.* 339, 28 *N. E.* 272, 273 (*Sup. Jud. Ct.* 1891) ; *Annotation,* 160 *A. L. R.* 1295 (1946). See also *Britton, Bills and Notes, op. cit., supra,* § 130, *p.* 566 *et seq.; Britton, "Defenses, Claims of Ownership and Equities, etc.,"* 7 *Hastings L. J.* 1, 8–10 (1955). Compare *Uniform Commercial Code,* § 3–305 (2) (c) ; *Id., Comment* 7.

▆▆ The question of whether there has been negligence is one for the trier of fact, who must determine it from all the surrounding circumstances of the transaction, including the literacy, education, intelligence and capacity of the signer, and the reasonableness in the light thereof of his reliance on the fraudulent misrepresentations. Consideration is to be given to the relationships between the parties,

the availability of third persons who could be called upon for advice, and whether or not reasonable prudence was exercised by the signer. See, e. g., *Branz v. Stanley, United States v. Castillo, C. I. T. Corporation v. Panac, Gardner v. Rubin, Amato v. Fullington,* all *supra.* It is usually held that the failure of a literate person to read the instrument ordinarily constitutes negligence, the theory prevailing that otherwise there would result an undue hindrance to free negotiability. *United States v. Castillo* (120 *F. Supp.,* at *page* 524); *Zier v. Eastern Acceptance Corp.* (61 *A.* 2*d,* at *page* 108); *Amato v. Fullington,* all *supra.* And see *First National Bank of Odessa v. Fazzari, supra,* finding negligence where an illiterate maker failed to call for the advice of his literate wife, who was in the next room. Nevertheless, there may be such mitigating circumstances, *e. g.,* a low degree of intelligence, lack of familiarity with commercial transactions, or confidence justifiably placed in the defrauder, as will excuse the failure to read, and hence not estop the maker from asserting the defense of fraud in the *factum.* See *United States v. Castillo; Gardner v. Rubin* (308 *P.* 2*d,* at *page* 896); *Millrose Corporation v. Brent* (271 *F.* 2*d,* at *page* 509), all *supra.* See also *Gotham Credit Corp. v. Brancaccio,* 83 *N. Y. S.* 2*d* 341, 343 (*City Ct.* 1948).

No persuasive reason is shown why we should not follow the rule generally prevailing in most of our sister jurisdictions, as well as in Great Britain, exemplified by the cases cited. In accord: *Note,* 7 *Rutgers L. Rev., op. cit., supra,* at *pp.* 409–410. Sound principle and considerations of fairness pointing in that direction, we hold that fraud in the *factum* is a good defense to an action on a negotiable instrument as against a holder in due course, provided there has been no negligence on the part of the signer. In view of these conclusions, issues of material fact were posed by defendants' proffer of proof which was rejected by the trial court, and there must be a reversal and a trial of both the questions of fraud and negligence.

■ The inquiry remains as to whether, if defendants lose at the trial on either the issue of fraud in the execution of the note or that of negligence, there will yet survive a defense posited upon *R. S.* 7:2–15. We think not. The reliance upon that section is based on the thesis that the fraud is such as to preclude delivery and therefore there has been a failure of delivery of an incompleted instrument, later completed and negotiated without defendants' authority, precluding the enforceability of the contract against defendants by *any* holder. A factual finding against the defendants as to the fraud asserted would patently undermine a defense so conceived. Negligence on the part of a drawee or maker of a negotiable instrument permitting its transfer to a holder in due course should have the same effect, see *Budget Corporation of America v. DeFelice, supra* (46 *N. J. Super.*, at *pages* 493–494); *Joseph Heimberg, Inc. v. Lincoln Nat. Bank,* 113 *N. J. L.* 76 (*Sup. Ct.* 1934), and we so hold in the present context. Consequently the trial on the remand of the issues specified above will dispose of the case in entirety.

Plaintiff also argues that defendants' failure to make the payment specified by the stipulation of settlement within the time limited therefor precludes this appeal. However, we read paragraph 3 of the stipulation as expressing the intent to preserve the defendants' right of appeal even in that eventuality.

Reversed.