EMIILY DeCOSMO, PLAINTIFF, v. CORNELIUS FOREMAN
AND ELLEN B. FOREMAN, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 15, 1960.

*Mr. Laurence Semel,* attorney for plaintiff.

*Mr. Howard G. Stackhouse,* attorney for defendants.

CRANE, J. C. C. This is an action on a promissory note. Plaintiff has moved for summary judgment on the basis of the pleadings and an affidavit as to the amount claimed to be due. The defendants have asserted the defense of fraud in the *factum,* alleging that the note was signed in blank and filled in for an amount greatly exceeding that for which permission was granted.

A reading of plaintiff's pleadings and affidavit reveals a number of uncertain and contradictory facts. The amounts alleged to be due are stated differently in the affidavit as compared with the complaint. The complaint alleges that a 15% attorney's fee was agreed upon, whereas the copy of the note attached to the affidavit provides for a 25% attorney's fee. The complaint alleges that the principal balance due is $4,170.49, whereas the affidavit states this figure as $4,165.49. The amounts computed for the attorney's fee differ as do the amounts defendants are alleged to have paid on account.

The complaint asserts that, because of an acceleration clause, the note has matured and the entire balance is due and payable. The complaint further indicates that after the default but before the institution of suit, the note was assigned to plaintiff. Thus plaintiff's status as a holder in due course appears to be seriously in doubt. See *Cramer v. Weith,* 20 *N. J. Super.* 577, 582 *(Ch. Div.* 1952).

In view of the many uncertainties, it cannot be said that the pleadings and affidavits "show palpably that there is no genuine issue as to any material fact." *R. R.* 4:58–3. Viewing the moving papers critically as suggested in *Monmouth Lumber Co. v. Indemnity Ins. Co. of N. America,* 21 *N. J.* 439, 449 (1956), the motion must be denied.

During the argument of the motion an issue of more serious consequence to plaintiff's status was revealed. It was disclosed that the plaintiff was the secretary of her attorney and that she had been assigned the note solely for the convenience of appearing as a plaintiff to avoid the necessity of the assignor's posting security for costs as a non-resident plaintiff pursuant to *N. J. S.* 2A:15–67.

At the court's invitation, Miss DeCosmo appeared and testified. She stated that the note had been assigned to her by the Improvements Corporation of Maryland for the purpose of starting suit, that she paid nothing for the note, and that she expected to receive nothing from the proceeds. Her lack of substantial interest in the litigation is best illustrated by the following exchange:

"Q. Do you have an arrangement with anyone concerning the proceeds of this suit? A. What do you mean?
Q. In other words, if judgment was recovered in this case, what would you do with the money that was recovered? A. I don't know. Mr. Semel, the attorney for the plaintiff, I imagine will turn the money over to the Improvements Corporation of Maryland.
Q. And yourself? A. I have no interest in this action."

Plaintiff's attorney quite candidly admitted that his secretary was, to use his phrase, "a dummy plaintiff," and that "The suit is assigned to a dummy plaintiff or straw man for the purpose of convenience only, and it's for the purpose of avoiding security for costs."

Defendants' attorney moves that the complaint be dismissed on the ground that the plaintiff was not a real party in interest within the meaning of *R. R.* 4:30–1, and that the device of using a dummy plaintiff was a sham and a

subterfuge to avoid the application of *N. J. S.* 2*A*:15–67 with respect to security for costs. The matter has been taken under advisement and briefs have been filed.

Plaintiff argues that the real party in interest rule is permissive rather than mandatory in nature, and that it was amended by substituting "may" for "shall" specifically for the purpose of permitting actions to be brought by nominal plaintiffs. *Ertag v. Haines,* 30 *N. J. Super.* 225 (*Law Div.* 1954) is cited in support of plaintiff's position.

Plaintiff's interpretation would render meaningless the language of the rule. If the rule were not intended to limit litigation to those having a real interest, there would be no need for its existence.

The change followed the Second Judicial Conference where it was suggested that the rule change be accomplished so as not to prohibit the bringing of automobile insurance subrogation actions in the name of the party whose property was damaged. See 72 *N. J. L. J.* 253, 255. Such a party is, of course, a real party in interest in every sense of the word. Indeed, usually he has an actual monetary interest to the extent of the deductible coverage limits on his policy.

It has been said that the purpose of the real party in interest rule is "to bring before the court the party rightfully interested in the litigation, so that the judgment, when entered, will be binding and conclusive and the defendant will be saved from further harassment or vexation at the hands of other claimants to the same demand." *Goldstein v. Commonwealth Trust Co.,* 19 *N. J. Super.* 39, 46 (*Cty. Ct.* 1952).

In *Ertag v. Haines, supra,* a nominal party was suing as the assignee of a book account. The defendant buyer of the goods sought to assert claims for damages against the assignor seller in excess of the amount of the book account. The court, in the exercise of its inherent power to control litigation, enjoined further action by the assignee until the assignor was joined or substituted as a party plaintiff. The court would not permit an action to be brought in the name

of a nominal assignee alone where the defendant would be inhibited in asserting a counterclaim. The case does not support the proposition that a mere nominal assignee standing alone may pursue a cause of action.

Later, in *Board of Education, Woodbridge Twp. v. Kane Acoustical Co.*, 51 *N. J. Super.* 319, 329 (*App. Div.* 1958), it was held that one who claims no substantial interest in the recovery will not be entitled to sue over the objection that the real party in interest is neither in the action, nor adequately represented by other parties.

█ It thus seems that the essential meaning of the rule is that each party bringing an action must have some real and substantial interest in the outcome of the litigation. It is not enough to have bare legal title such as plaintiff admittedly has in this case.

Another reason having strong policy connotations militates against plaintiff's position. As we have indicated, plaintiff's attorney has frankly stated that a dummy plaintiff was used to avoid the necessity of posting security for costs as provided for in *N. J. S. 2A*:15–67. Plaintiff has not sought leave to join or substitute the assignor of the note as a party plaintiff but relies solely on the asserted right to maintain this action as a nominal plaintiff.

█ This poses squarely the question whether such a device can be permitted to thwart the intended purpose of an act of the Legislature. We cannot ignore the legislative enactment or treat it as if it were unimportant; courts are under an obligation to give legislation meaningful application. *New Capitol Bar & Grill Corp. v. Div. of Employment Security*, 25 *N. J.* 155 (1957).

A somewhat similar situation was presented to the former Supreme Court in *Platner v. Ryan, Ex'r*, 76 *N. J. L.* 239 (*Sup. Ct.* 1908), where a cause of action for personal services against the executor of a decedent's estate was assigned to a nominal plaintiff for the purpose of avoiding the application of the dead man's statute, which would have prohibited the real party in interest from testifying as to transactions

with the decedent if she were the plaintiff. The court said, at *page* 241:

"* * * The admission of the plaintiff that the assignment was without consideration, and that she had no interest in the subject-matter of the litigation, was clearly material. It was, if true, convincing evidence that the assignment was made, not in good faith, but solely for the purpose of qualifying the assignor as a witness. It passed nothing to her except the bare legal title to the claim, and she was entitled to recover nothing by virtue of it, from the defendant, for her own benefit. To permit the beneficial owner of a claim against the estate of a decedent, to avoid the provision of the fourth section of the Evidence act (*Pamph. L.* 1900, *p.* 63 [363]), that a party to an action on such a claim shall not be permitted to give testimony as to any transaction with, or statement by, the deceased, by any such scheme as that disclosed by the plaintiff's admission, would be to connive at a fraud upon the statute. * * *"

Applied to the case at bar, the principles announced in the *Platner* case, sometimes called the doctrine of fraud upon the law, see *Allfather v. Schlicher,* 86 *N. J. Eq.* 1, 5 (*Ch.* 1916), require a dismissal of plaintiff's complaint. Such a subterfuge as using a resident of this State as a nominal assignee, cannot be permitted to avoid the plain requirements of the statute, *N. J. S.* 2*A*:15–67.

The complaint will be dismissed upon submission of an order in appropriate form.