67 N.J. Super. 548 (1961)
171 A.2d 105
EMILY DeCOSMO, PLAINTIFF-APPELLANT,
v.
CORNELIUS FOREMAN AND ELLEN B. FOREMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1961.
Decided May 22, 1961.
*550 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Richard S. Semel argued the cause for the appellant (Mr. Laurence Semel, attorney).
Mr. Howard G. Stackhouse argued the cause for the respondent.
The opinion of the court was delivered by GAULKIN, J.A.D.
This action was instituted in the name of the secretary of the attorney for plaintiff, upon a promissory note assigned to her without consideration by a foreign corporation for the sole purpose of bringing this suit. Nothing in this opinion is to be deemed as approval of such arrangements. Although held not unethical, it seems to us that considerations of professional dignity and delicacy should suggest to attorneys that such arrangements should ordinarily be avoided. It is the lawyer's *551 honorable calling to provide his client with the skills needed to present the cause to the court. It seems to us that it demeans that calling when an attorney supplies not only those skills but the record litigant as well. See Opinions On Professional Ethics of the Association of the Bar of the City of New York, No. 304, p. 161 (Columbia University Press 1956). Cf. No. 110, p. 53; No. 243, p. 121; Canons of Professional Ethics, No. 10. This is not said in criticism of present counsel, for the practice has not heretofore been questioned, but as a suggestion to the Bar for the future.
Plaintiff's complaint was in the usual short form of an action upon a note, for $4,966.92, by an alleged holder in due course, with the added allegation that it had assigned the note to plaintiff. The defendants' answer merely denied the allegations of the complaint. Plaintiff thereupon served notice of motion for summary judgment "upon the pleadings filed in this action, the annexed affidavit and the note in suit * * *." In answer to plaintiff's motion papers, defendants served upon plaintiff an affidavit which said:
"We signed a note in blank to Standard Supply & Construction Co., Inc., for a contract we had with it for $2700.00 to be repaid monthly after the work was finished.
We have made some payments on account of the principal and interest and we note that in the complaint and in the affidavit these amounts are different.
We feel that by filling in such grossly incorrect figures someone has attempted to take improper advantage of us, as neither of us have the advantage of high school."
We doubt whether the facts set forth in defendants' affidavit constitute a defense against an assignee of a holder in due course. Cf. R.S. 7:2-58; New Jersey Mortgage & Investment Co. v. Dorsey, 60 N.J. Super. 299 (App. Div. 1960), affirmed, 33 N.J. 448 (1960). The trial court did not pass upon that question. It denied the motion for summary judgment because of alleged "uncertain and contradictory facts," but then went further and dismissed the complaint with prejudice because plaintiff was a "dummy" and the assignment to her a "fraud upon the law" to avoid *552 N.J.S. 2A:15-67, which requires a non-resident plaintiff to deposit security for costs upon demand of defendant. The trial court's opinion is reported in 64 N.J. Super. 516 (Law Div. 1960).
The trial court erred in dismissing the complaint. Under R.R. 4:30-1, one who holds the naked legal title to a chose in action has the right to sue upon it. N.J.S. 2A:25-1; R.S. 7:2-51. At common law, the holder of the legal title was the only one who had the right to sue in the courts of law; not so in chancery. Provisions such as are contained in R.R. 4:30-1 were made in the various jurisdictions by rule or by statute to overcome that common law principle, so that the real party in interest might sue. 39 Am. Jur., Parties, sec. 16, p. 870. In some jurisdictions the real party in interest is the only one who may sue, and for a short time that was the rule in New Jersey. R.R. 4:30-1 "was formerly Rule 3:17-1, which originally read `Every action shall be prosecuted' etc. On November 10, 1949 the rule was amended to change `shall' to `may' * * *." Ertag v. Haines, 30 N.J. Super. 225, 228 (Law Div. 1954). We hold that R.R. 4:30-1 is not mandatory, as it now reads, but permissive. Of course, the court may order the real party in interest joined, or substituted, whenever justice requires. Ertag v. Haines, supra; Board of Education, Township of Woodbridge v. Kane Acoustical Co., Inc., 51 N.J. Super. 319, 329 (App. Div. 1958); Schnitzer and Wildstein, New Jersey Rules Service, A-IV, p. 886. Rarely, if ever, should the nominee's complaint be dismissed with prejudice without affording the real party in interest an opportunity to come in. Cf. Paxton v. Misiuk, 34 N.J. 453 (1961); Spencer v. Steel, 23 N.J. Super. 504, 508 (App. Div. 1952).
The purpose of N.J.S. 2A:15-67 is to provide every defendant sued by a non-resident plaintiff with a fund of $100 to be applied toward his costs if the non-resident does not prevail. If there is doubt that $100 could be collected as readily from the resident nominal assignee (and *553 the burden of proof that it can be is on the assignee) the trial court may order the non-resident joined or substituted and the bond for security for costs posted. If there is no such doubt, the defendant is as well protected (and, should the costs exceed $100, better protected) by the ability to issue an execution against the resident plaintiff, as by the posting of a bond. Therefore, there is no public policy behind this statute of a type that demands that assignments to nominal plaintiffs be forbidden.
Finally, plaintiff argues that we should enter summary judgment in her favor, or remand with direction that the trial court do so. Defendants' counsel asked, at the oral argument, for an opportunity to file an amended answer which will properly and adequately set forth the defenses which he represents defendants possess; to take depositions or other discovery proceedings to establish, among other things, that plaintiff's assignor was not a holder in due course; and to file a third-party complaint against Standard Supply and Construction Co., Inc.
Counsel advanced various excuses for his failure to do these things in time, which need not be reviewed in this opinion. Suffice it to say that we think justice would best be served by giving defendants the opportunity requested, leaving it to the trial court to pass upon the merits of all such applications, and whether and under what terms they should be granted, and, if granted, the time within which they are to be accomplished. If defendants believe they have adequate grounds, they may also move to compel the joinder of the assignor. All such applications are to be made by defendants to the trial court within 20 days after the issuance of our mandate. Cf. Board of Education, Township of Woodbridge v. Kane Acoustical Co., supra, 51 N.J. Super., at pp. 329, 330.
Plaintiff has the right, of course, not only to resist all such applications but also to make a new motion for summary judgment at the appropriate time if she so desires.
Reversed. No costs.