LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Appellant,

v.

Shellie STATEN, Appellee.

No. 3439.

District of Columbia Court of Appeals.

Argued April 20, 1964.

Decided June 16, 1964.

Holbrook L. Potter, Washington, D. C., with whom Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellant.

George H. Windsor, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

An action was brought by appellant Liberty Mutual Insurance Company against Shellie Staten, appellee, to recover a payment of $1,458.12 made by appellant as surety under a blanket Postal Bond issued to the Post Office Department.

Testimony established that Staten had been arrested and charged with over a dozen counts of petit larceny. Postal inspectors testified, *inter alia*, that when a loss in the mail was reported, a letter was sent to the sender and to the intended recipient to verify the reported loss; that the letters were then grouped so as to confirm the loss and define the route involved; that after an appraisal of the information thus collected, it appeared losses were occurring at the Main Post Office, which was then placed under surveillance; that Staten, an employee of the Department, had been observed over a period of time; that he had been apprehended with "marked" money in his possession; that after his arrest "reported losses of the nature involved in this case ceased to be heavy;" that all losses for almost a year which, in the opinion of the Post Office investigative staff were "fairly chargeable to [Staten], taking into consideration the unusual incidence of such losses, were computed and listed and filed with the insurance company, which accepted these reported losses as those occasioned by [Staten] and paid the claim as the result of such acceptance."

Staten, called as an adverse witness, admitted two thefts, not included in this claim for reimbursement as he had made restitution, but vigorously denied having committed any of the other alleged thefts and pointed out that the other counts against him were dropped.

This testimony was accepted by the court, but when the report listing the dates and amounts of the losses which had been attributed to appellee was offered into evidence, the court sustained his objection to it on the ground it was hearsay. The insurance company then rested and Staten moved

to dismiss appellant's case, which motion was granted and judgment entered for Staten.

Appellant contends on appeal that the trial court erred (1) in excluding the above report which purported to show losses chargeable to Staten and (2) in granting appellee's motion to dismiss at the close of appellant's evidence.

In Boerner v. United States (2nd Cir.), 117 F.2d 387, relied upon by appellant, a report, similar to the one here in question, was objected to as hearsay, but the court allowed it into evidence, saying:

"* * * it is not doubted that competent evidence exists; the question is whether it must be proved in the hard way. Defendant could either bring on the addressees for trial, or take their depositions; but it is hardly justified in so doing to prove [numerous losses involving small amounts of money] * * *". At page 389 of 117 F.2d.

▉▉ On the authority of Boerner, we think that the report prepared by the Post Office investigative staff was admissible into evidence. We are of the opinion, however, that failure of the trial court to admit it was, under the circumstances of this case, harmless error, as its only significance would have been to show that losses had occurred. The report was not competent to establish that Staten was responsible for all of them.

▉▉ Had there been a complete halt to the losses after Staten's arrest, we believe that, with the other evidence available, the trier of fact could have reasonably found that Staten was solely responsible for the previous ones. But by the postal inspector's own admission the losses only "ceased to be heavy"—not that they came to a complete stop. Staten was not the only employee in the area from which the losses occurred— any number of employees could have obtained mail from this section. Had the report been admitted into evidence, the trier of fact could only have speculated as to which,

if any, of almost fifty thefts Staten might have committed. Cases are not to be submitted to the trier of fact when there is no evidentiary foundation on which to predicate intelligent deliberation and reach a reliable decision. Simpson v. Logan Motor Company, D.C.App., 192 A.2d 122, 123. See also Automobile Insurance Co. of Hartford, Conn. v. Williams, D.C.Mun.App., 111 A.2d 874, 876. An appellate court has the duty to give judgment after examination of the entire record without regard to technical errors or defects which do not affect substantial rights of the parties. District of Columbia v. Chessin, 61 App.D.C. 260, 264, 61 F.2d 523, 527.

▉ We hold the trial court properly granted appellee's motion to dismiss as appellant failed to make out a prima facie case entitling it to recovery. That ten counts were dropped against Staten, plus his consistent denial of having participated in other thefts, and that, even after his arrest, losses continued, rebut appellant's contention that appellee was responsible for all losses for which appellant here seeks reimbursement.

Affirmed.