Gus PAPANICOLAS, Appellant,

v.

GROUP HOSPITALIZATION, INC., and Medical Service of D.C., Appellees.

No. 80–76.

District of Columbia Court of Appeals.

Argued May 20, 1981.

Decided June 1, 1981.*

David J. Frantz, Washington, D.C., with whom Katherine Kravetz, Washington, D.C., was on the briefs, for appellant.

John J. Brennan, III, Washington, D.C., for appellees.

Before KELLY, MACK and PRYOR, Associate Judges.

PER CURIAM:

Appellant appeals the Superior Court's order granting appellees' motion for directed verdict. We affirm.

Appellant was a subscriber to the Blue Cross/Blue Shield medical insurance plan offered by appellees.[1] The insurance contract provided, *inter alia*, that compensation to physicians for services covered would be paid according to the applicable schedule of fees in effect when the service was rendered. The schedule of fees was not attached to the insurance contract, although it was made available to all subscribers upon request.

In 1977 and 1978, appellant underwent surgery for corneal transplants in both eyes. The surgeon's charge for each operation was $1,900. Appellees, in accordance with the fee schedule, paid appellant benefits of $522 for the first operation and $669.50 for the second operation.[2]

Unsatisfied with these benefits, appellant filed a cause of action alleging, in essence, breach of contract, and requesting as relief damages in the amount of the unpaid balance on his operations. At trial, appellant testified that he believed the insurance poli-

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The motion for publication was granted.

1. Group Hospitalization, Inc. provided the Blue Cross or hospitalization benefits under the insurance contract and Medical Service of D.C.

provided the Blue Shield or physician and laboratory benefits.

2. Appellees maintained that appellant should have received $522 for this operation as well, but received an increased amount due to a clerical error.

cy would cover all of his expenses, and that his belief was not based on the contract itself, but rather on a promotional brochure which was not admitted into evidence. He also testified that at no time prior to his operations did he attempt to ascertain the benefits delineated in the fee schedule.

At the close of the evidence, appellees moved for a directed verdict. In granting that motion, the trial court concluded that the language of the insurance contract was unambiguous and that the benefits available to appellant as a result of his operations were specifically defined in the fee schedule.

On appeal, appellant contends that the language in the insurance contract providing that appellees would compensate physicians "according to the applicable Schedule of Fees in effect when the service is rendered" constitutes an ambiguous limitation of benefits which should be construed against the insurer. Moreover, appellant contends that since the terms of this alleged limitation of benefits were not clearly detailed in the contract itself, reasonable expectations of what the benefits entailed should control.

■ On motion for a directed verdict, the evidence must be viewed in the light most favorable to the party against whom the verdict is sought. *Bauman v. Sragow*, D.C. App., 308 A.2d 243 (1973); Super.Ct.Civ.R. 50(a). Generally, cases are not to be submitted for jury consideration when there is no evidentiary foundation on which to predicate intelligent deliberation and reach a reliable verdict. *Liberty Mutual Insurance Co. v. Staten*, D.C.App., 201 A.2d 528 (1964); *Simpson v. Logan Motor Co.*, D.C.App., 192 A.2d 122 (1963). Viewing the evidence in the light most favorable to appellant, we conclude that the trial court was correct in directing the verdict in favor of appellees.

■ The terms of an insurance policy, so long as they are clear and unambiguous, express the contract between the parties and will be enforced by the courts unless they violate a statute or public policy. *Rob-*

*inson v. Aetna Life Insurance Co.*, D.C. App., 288 A.2d 236 (1972). Thus, when the meaning of a provision is unambiguous, its construction is a matter of law for the court. *International Brotherhood of Painters & Allied Trades v. Hartford Accident & Indemnity Co.*, D.C.App., 388 A.2d 36 (1978).

The record supports the trial court's conclusion that the language of the insurance policy was unambiguous. The contract clearly provides that payments will be made in accordance with the fee schedule and indeed, the amounts paid to appellant adhere to the benefits delineated in the fee schedule. Moreover, appellant does not dispute that the benefits paid complied with the fee schedule, nor does he contend that his impression of the insurance contract was founded upon the contract itself.

We fail to perceive any invalid or ambiguous limitation in the policy. *See Robinson v. Aetna Life Insurance Co., supra.* The terms of the contract have but one meaning—the benefits are defined in the fee schedule and that under the contract, appellant was entitled to $1044 in surgical benefits.

*Affirmed.*